**4**

DOROTHY SCHALLER et al., Respondents, v. AETNA CASUALTY AND SURETY COMPANY, Appellant.— Pursuant to section 167 of the Insurance Law, plaintiffs, judgment creditors, instituted this action against the defendant, an insurance company, to recover the amount of judgments in their favor recovered in an action for negligence brought against defendant's insured. Defendant appeals from a judgment in favor of plaintiffs. Judgment reversed on the law and the facts, with costs, and the complaint dismissed, with costs. The findings of the Trial Justice set forth in the opinion are affirmed except the finding that the defendant was notified on September 3, 1946, of the delivery date of the Ford and the finding that the Ford replaced the Studebaker; which

findings are reversed and findings are made that there was no such notice or replacement. On March 14, 1946, the appellant issued a one year liability policy to the insured to protect him from liability for bodily injury and property damage arising out of the operation of his Studebaker automobile. The policy provided: "IX. *Automatic Insurance for Newly Acquired Automobiles.* If the named Insured who is the owner of the automobile acquires ownership of another automobile and so notifies the Company within thirty days following the date of its delivery to him, such insurance as is afforded by this policy applies also to such other automobile as of such delivery date: (a) if it replaces an automobile described in this policy, but only to the extent the insurance is applicable to the replaced automobile, or (b) if it is an additional automobile and if the Company insures all automobiles owned by the named Insured at such delivery date, but only to the extent the insurance is applicable to all such previously owned automobiles * * *. This insuring agreement does not apply: * * * (2) except during the policy period * * *. The named Insured shall pay any additional premium required because of the application of this insurance to such other automobile. The insurance terminates upon the replaced automobile on such delivery date." On June 29, 1946, the insured replaced the Studebaker with a Chrysler automobile. On July 6, 1946, he disposed of the Chrysler and was without an automobile of his own until August 24, 1946. On that date he purchased a Ford automobile which was involved in the accident on September 2, 1946. Prior to the accident the appellant had not been notified of any change in the ownership of cars by the insured. The Studebaker was a 1937 model; the Chrysler was a 1933 model; and the Ford was a 1937 model. That the appellant was concerned with the age and condition of an automobile for whose operation it assumed liability is evidenced by the application for the insurance policy which bears notations as to the condition of the Studebaker. The policy allowed appellant to cancel the policy upon five days' notice and upon the computation of earned premiums prorata. In our opinion, the coverage for a car owned by the insured terminated prior to August 24, 1946, the date on which he purchased the Ford. When he bought the Chrysler, it was covered for thirty days even though notice of its purchase was not given to the appellant. (Cf. *Melendez* v. *General Acc. Fire & Life Assur. Corp.,* 189 Misc. 392, affd. 273 App. Div. 960.) When the insurance attached to the Chrysler, it terminated as to the Studebaker by reason of the provision of the policy quoted above. By the failure to give notice within thirty days from the delivery of the Chrysler, the insurance on that car ended. (Cf. *Maryland Cas. Co.* v. *Toney,* 178 Va. 196; *Mitcham* v. *Travelers Indemnity Co.,* 127 F. 2d 27.) There was, therefore, no insurance applicable either to the Studebaker or to the Chrysler which could be applied to the Ford. There is no merit to the second cause of action based on acts occurring after the accident, which the respondents allege constitute a waiver and estoppel of the appellant to deny coverage. The Trial Justice did not find there had been a waiver or estoppel, and his decision is grounded solely on his conclusion that the insurance was applicable to the Ford. On this record, no waiver or estoppel could be found. (*Gutman* v. *United States Cas. Co.,* 241 App. Div. 752; *S. & E. Motor Hire Corp.* v. *New York Ind. Co.,* 255 N. Y. 69; *Rhodes* v. *Ocean Accident & Guar. Corp.,* 239 App. Div. 92, affd. 264 N. Y. 437.) Carswell, Acting P. J., Johnston, Wenzel, MacCrate and Schmidt, JJ., concur.