Robert Louis INGHRAM, A Minor by his Father, Next Friend and Conservator of his Property, Louis L. Inghram, and by Louis L. Inghram, Individually, Appellees,

and

Francis A. Rohlf, Appellee,

v.

DAIRYLAND MUTUAL INSURANCE COMPANY, Appellant.

No. 53957.

Supreme Court of Iowa.

June 23, 1970.

Rehearing Denied Sept. 2, 1970.

Elliott R. McDonald, Jr., of McDonald & McDonald, of Davenport, for appellant.

John J. Carlin, of McCracken & Carlin, Davenport, for appellee, Francis A. Rohlf.

Robert A. Van Vooren and Thomas N. Kamp, of Lane & Waterman, Davenport, for appellees, Robert Louis Inghram, a Minor by his Father, Next Friend and Conservator of his Property, Louis L. Inghram, and by Louis L. Inghram, Individually.

RAWLINGS, Justice.

This appeal stems from an adjudication of law points in a proceeding initiated by plaintiff Francis A. Rohlf against defendant Dariyland Mutual Insurance Company. Trial court held Dairyland liable, under the automatic coverage clause of an automobile liability insurance policy, for failure to defend Mr. and Mrs. Rohlf in a negligence action brought against them. From final dispositive adjudication Dairyland takes appeal. We reverse.

Although the Inghrams are designated plaintiffs-appellees, Francis A. Rohlf defendant-appellee, and Dairyland Mutual Insurance Company defendant-appellant, Rohlf will be here dealt with as plaintiff, Dairyland as defendant.

The undisputed factual situation presented will be set forth in chronological order as best determined from a complex record.

December 29, 1963, Dairyland issued to Francis Allen Rohlf, the automobile liability policy in question, by which coverage was provided for a new 1963 Oldsmobile. The policy was thereafter renewed quarterly to and including January 6, 1965.

April 19, 1964, Rohlf replaced the 1963 vehicle with a 1964 Oldsmobile. No notice thereof was ever given Dairyland within 30 days after receipt of the replacement or otherwise.

September 7, 1964, Rohlf acquired another 1964 automobile of like make, replacing the one purchased April 19, 1964. Again no notice relative to this acquisition was given Dairyland within 30 days after purchase of the newly acquired car.

January 6, 1965, the second 1964 Oldsmobile, then operated by Mrs. Rohlf was involved in an accident which resulted in injury to Robert Louis Inghram, a minor pedestrian.

January 7, 1965, Dairyland commenced an investigation relative to the accident.

February 26, 1965, a "Non-Waiver Agreement" was signed by Mr. and Mrs. Rohlf.

March 5, 1965, Dairyland gave notice to the Rohlfs it would not defend in any action commenced by reason of the accident, due to absence of policy coverage.

April 26, 1965, Inghrams commenced an action against Mr. and Mrs. Rohlf for damages resulting from the January 6, 1965, incident.

May 5, 1965, plaintiff filed a petition for declaratory judgment against Dairyland.

Trial court sustained Dairyland's subsequent motion to dismiss because of failure by insured to give notice within 30 days after acquisition of the replacement vehicles. Leave was granted plaintiff to amend.

July 9, 1965, Rohlf filed amendment to the declaratory action, thereby seeking reformation of the policy, invoking estoppel against Dairyland because of failure to defend in the negligence action, and asking benefit of indemnity. Various motions were later filed.

October 13, 1966, trial court overruled Dairyland's motion for a stay of the Inghram v. Rohlf case, pending final adjudication in the declaratory proceedings.

October 18, 1966, trial of the negligence action commenced resulting in a $13,274.84 verdict for Inghram.

January 3, 1967, Rohlf moved for a separate adjudication of law points, to the effect Dairyland had a duty to defend in the negligence case which it unjustifiably refused to perform. As disclosed, infra, this was apparently superseded by a subsequent like motion.

■ January 7, 1967, an amendment to the adjudication of law point motion was filed by Rohlf alleging the insurer accepted renewal premiums, intended to provide coverage for any sole vehicle owned by the insured, and asked that a policy accordingly issue retroactively. Trial court did not rule on these issues so they are not here involved. See Bartels v. Hennessey Bros., Inc., Iowa, 164 N.W.2d 87, 92, and 5 C.J.S. Appeal and Error § 1460, page 634.

January 10, 1967, trial court sustained Dairyland's motion to dismiss the Rohlf petition for declaratory judgment as amended.

January 16, 1967, Rohlf filed a recast petition for declaratory judgment. A motion to dismiss as to this pleading was overruled March 13, 1967.

The same day Rohlf, for some undisclosed reason, filed a second motion for adjudication of law points, deemed to be a replacement for that filed January 3, 1967. He thus requested Dairyland be adjudged to have been under duty to defend in the negligence action, refused to so do, and by reason thereof is estopped from raising any policy defense.

August 29, 1967, trial court entered a final adjudication in the law point action, adverse to Dairyland, from which this appeal is taken.

Errors assigned are, trial court erred in holding, (1) the policy provided coverage for the January 6, 1965 accident; (2) Dairyland had a duty to defend based upon allegations of the pleadings filed by Inghrams in their action against the Rohlfs; (3) Dairyland's failure to defend in that case estopped it from raising policy defenses; (4) Dairyland acted in bad faith, making it liable for entirety of the verdict against Rohlfs, and their attorneys' fees.

These assignments will not be separately considered.

■ I. We are satisfied that in holding as it did, trial court was erroneously persuaded to adopt the views expressed in Palmer v. Sunberg, 71 Ill.App.2d 22, 217 N.E.2d 463, and Sims v. Illinois National Casualty Co., 43 Ill.App.2d 184, 193 N.E.2d 123.

An examination of these and other like cases reveals they are factually distinguishable from that with which we are here concerned.

Even more significantly, they stand upon the *potential liability as disclosed by the pleadings theory*, not here applicable, and attendant *unjustified refusal to defend*. See in that regard, 7A Appleman, Insurance Law and Practice, section 4683; 8 Blashfield Automobile Law and Practice, section 343.16; and 1 Long, The Law of Liability Insurance, sections 5.01–5.02.

The foregoing, however, fails to reach or resolve the problem at hand, and as revealed, infra, ignores other singularly pertinent principles.

II. The original policy specifically provided liability coverage as to a new 1963 Oldsmobile and stated, in material part, under "Insuring Agreements": "IV Automobile Defined, Trailers, Private Passenger Automobile, Two or More Automobiles, Including Automatic Insurance:

"(a) Automobile. Except with respect to Coverage C–2 and where stated to the contrary, the word 'Automobile' means:

" *  *  *

"(4) Newly Acquired Automobile—an automobile, ownership of which is acquired by the named Insured or his spouse if a resident of the same household, if (i) it replaces an automobile owned by either and covered by this policy, or the company insures all automobiles owned by the named Insured and such spouse on the date of its delivery, *and (ii) the named Insured or such spouse notifies the company within thirty days following such delivery date.*" (Emphasis supplied)

"Renewal Certificates" thereafter issued contained this statement: "In consideration of the payment of the premium stated herein, the above numbered policy is hereby renewed for the appropriate period, subject to the conditions of this Renewal Certificate *and to the original Insuring Agreements, Exclusions, and Conditions of the policy* and any subsequent endorsements added thereto. Attached to and made a part of the above numbered policy of DAIRYLAND MUTUAL INSURANCE COMPANY." (Emphasis supplied)

So the question posed relates directly to the effect of failure on the part of Rohlf to give Dairyland notice within 30 days after acquisition of a replacement vehicle.

We need not here consider the result of failure to notify the insurer relative to purchase of the first nonaccident involved

automobile. Stated otherwise our review will be confined to the matter of the second car acquired as though it were the sole replacement.

At the threshold 7 Blashfield Automobile Law and Practice, section 316.6, states: "An 'automatic insurance' clause usually requires notice of the acquisition of a new automobile to be given the insurance company within a specified time after delivery, although the parties may dispense with the necessity of such notice by an express provision in the policy.

" * * *

"Compliance with provisions as to notice of the acquisition of a new vehicle is considered not to be a condition precedent to the taking effect of the automatic coverage provision, but rather to constitute a condition subsequent. In such cases the protection accorded by the automatic coverage provision attaches immediately on delivery to the insured of the after-acquired vehicle, and liability of insured based on an accident in which such vehicle is involved is covered during the period in which notice is to be given, even if insured has not given the required notice to the company at the time of the accident.

"As a condition subsequent, however, compliance with the notice requirement is generally essential to the continuation of coverage, and where timely notice is not given there is no coverage with respect to accidents occurring after the prescribed period has elapsed, *regardless of whether or not the insurance company was prejudiced by reason of such failure.*" (Emphasis supplied).

Then, with reference to an insurer's duty to defend, as related to the pleadings in an action brought against an insured, 7A Appleman, Insurance Law and Practice, section 4684, says: "As we have seen, by the express terms of the policy the insurer is generally required to defend suits against the insured which the pleadings show to be within the policy coverage, even though

such suits be groundless, false or fraudulent. *But a distinction must be drawn between groundless suits, and actions which, even if successful, would not be within the policy coverage. Since the insurer's duty to defend ordinarily is correlative with its duty to pay a judgment which might be obtained against the insured, it is apparent that the insurer has the duty of defending only those actions that are within the terms of the policy, * * *.*" (Emphasis supplied)

Even more cogent is this statement in 1 Long, The Law of Liability Insurance, section 5.03: "When a claim against the insured is based on facts which show that it is outside the scope of the coverage afforded by the policy, the insurer is justified in refusing to defend the action. Such refusal does not constitute a breach of the policy provisions and does not subject the insurer to any legal liability. This rule applies even though the policy provisions require the insurer to defend groundless, false, or fraudulent suits. Such provisions do not require the insurer to defend when the claim is based on facts which show it to be outside the scope of the coverage."

Furthermore, as expressed by the editor in 34 A.L.R.2d 936, 943: "It is well established that where the 'automatic insurance' clause requires notice of the acquisition of a new automobile to be given the insurer within a specified time after delivery, the period generally being either ten or thirty days, *a failure to give notice prior to an accident occurring after the expiration of the designated period precludes coverage of the new automobile.*" (Emphasis supplied)

Closely related to the foregoing is this authoritative observation regarding defense of actions against an insured, in 8 Blashfield Automobile Law and Practice, section 343.15: "The gist of the action must be related to the policy and the agreement to defend will not ordinarily require the insurance company to defend actions on claims not covered by it, or actions against

persons who are not legally responsible for the operation of the vehicle. Accordingly, the refusal of the company to defend such actions will not be considered an act of bad faith on its part or constitute a breach of contract on its part.

"When it becomes certain that the policy does not cover the accident for which the action has been brought, the insurance company may turn back the defense of the action."

See also Mitcham v. Travelers Indemnity Co., (4 Cir.), 127 F.2d 27, 29, and 7A Am.Jur.2d, Automobile Insurance, section 100, pages 407, 408.

III. A problem similar to that now confronting this court was presented in Christiansen v. Moore, 184 Neb. 818, 172 N.W. 2d 620. There the issue was thus resolved, loc. cit., 172 N.W.2d 622–623: "* * * we are unable to find any authority to support plaintiffs' position that where no notice is ever given, and the accident occurred more than 30 days following delivery of the replacement car to the insured, the insured is still entitled to recover if the insurance company was not prejudiced. Courts have been unanimous in denying recovery under such circumstances. Various grounds have been relied on, although no one of them is entirely satisfactory. Thompson v. Dairyland Mutual Ins. Co., 30 Wis.2d 187, 140 N.W.2d 200 (1966), is illustrative of the position of many courts. In response to a contention that the insurance company must show some prejudice before it could be relieved from liability on the policy, the court said: 'But this is not a case of a claimed breach of a policy provision perpetrated by the insured. Rather, it is the failure of the insured to perform a requirement of a provision of the policy, i. e., to give notice of a change of vehicle, in order to gain coverage of a different vehicle under the policy. It is not a question of discontinuing coverage because of some act by the insured that breaches his contract; rather, it is the insured's failure to do some act that is required to bring about coverage. By his failure to give proper notice, Levy was not insured by the subject policy at the date of the accident. Thus, the breach cases are not in point at all.'

"In any event, the authorities unanimously agree that where no notice is given, there is no coverage of the replacement automobile with respect to accidents occurring after the prescribed period has elapsed. (Authorities cited).

"Under the 'automatic insurance' provision before us, coverage extends to a replacement automobile as defined in the policy for 30 days following the delivery, in all events, irrespective of notice; but where notice is not given prior to the accident, there is no coverage with respect to accidents occurring after the 30-day period has elapsed."

At this point it should be observed a wealth of cases are cited in 49 A.L.R.2d 694, 703, which lend support to the conclusion reached in Christiansen, supra. In addition, because of some factual similarity to the case at bar see Schaller v. Aetna Casualty & Surety Co., 280 App.Div. 988, 116 N.Y.S.2d 729, aff'd, 306 N.Y. 725, 117 N.E.2d 908.

IV. Unquestionably Dairyland asked that trial of the Inghram v. Rohlf case be stayed pending a final determination in the Rohlf initiated law point proceeding. But this was far removed from any deceptive investigatory activities or settlement efforts by which the Rohlfs might have been misled. On the contrary Dairyland, by its motion for a stay order inferentially said, we have adopted a non-coverage position under the policy; Rohlf has challenged that stand, first by an unsuccessful declaratory judgment action, now by an adjudicatory proceeding; and we would like the benefit of a judicial determination on law points, sought by Rohlf, in order to reevaluate our position in light of the judicial pronouncement.

■ This can hardly be said to constitute a basis upon which to effectively in-

voke the estoppel doctrine, or to bar Dairyland's right to assert any policy defenses. See McCann v. Iowa Mut. Liability Ins. Co., 231 Iowa 509, 521, 1 N.W.2d 682, 688.

Dairyland did no more than was reasonable in seeking to stay trial of the negligence case. This was not deceptive conduct, and we are satisfied no recognizable prejudice to the Rohlfs could have resulted therefrom.

V. Moreover the fact that Dairyland secured a "Non-Waiver Agreement" from the Rohlfs does not serve to materially alter the situation or ultimate result. The subject instrument provides: "It is hereby agreed by and between the Dairyland Mutual Insurance Company and the undersigned that no action heretofore or hereafter taken by the Diaryland Mutual Insurance Company shall be construed as a waiver of the right, if any, of the Dairyland Mutual Insurance Company to deny liability to the undersigned under a policy of insurance which is claimed by the undersigned to cover an accident which occurred on or about the 6th day of January 1965 at approximately 12:15 p.m., at the intersection of W. 15th and Division Streets, Davenport, Iowa, when a vehicle driven by the undersigned struck a pedestrian, Robert Inghram.

"It is also agreed that by the execution of this Agreement the undersigned does not thereby waive any rights under the said policy.

"Dated at Davenport, Iowa, this 26 day of February, 1965.

"(Signed)

/s/ FRANCES ROHLF
/s/ BURNETTE B. ROHLF"

It is at once evident, Dairyland did not thereby covenant to defend or indemnify. Rather, the Rohlfs agreed that nothing Dairyland had done or might later do would constitute a waiver of its right to deny liability under the policy.

Appropriate here is this statement in 45 C.J.S. Insurance § 1061, page 1286: "Generally, the mere investigation of a loss by the company will not preclude it from relying on noncompliance with provisions of a liability policy respecting notice or proofs of loss, particularly where the investigation is made under a reservation of rights by the company; it is only when the investigation is carried on under such circumstances as to reasonably lead insured to conclude that nothing more will be required that an estoppel will result."

Also touching on the subject is this editor's comment in 38 A.L.R.2d 1148, 1161: " * * * it is a well-established rule that a liability insurer will not be estopped to set up the defense that the insured's loss was not covered by the insurance policy, notwithstanding the insurer's participation in the defense of an action against the insured, if the insured gives timely notice to the insured that it has not waived the benefit of its defense under the policy."

One of the authorities cited in support of the foregoing is McCann v. Iowa Mut. Liability Ins. Co., supra.

And see 7 Am.Jur.2d, Automobile Insurance, section 172, page 504.

Approximately seven days after execution of the non-waiver document, Dairyland gave Francis A. Rohlf written notice to the effect there was no coverage under the policy. This alone served to completely dispel any reliance the Rohlfs may have, arguendo, mistakenly placed on the above quoted "agreement".

Furthermore, about 25 months elapsed between signing of the non-waiver instrument and commencement of the negligence trial.

■ We find no plausible basis upon which to hold execution of the above quoted instrument, accompanied by a prompt denial of insurance coverage, could have so

misled the Rohlfs as to estop Dairyland from asserting any policy defenses it might have.

VI. The record before us discloses, as aforesaid, Rohlf secured a policy issued by Dairyland which provided liability coverage for a then owned designated automobile; two replacement vehicles were subsequently acquired by the insured, the last September 7, 1964; no replacement notice was given Dairyland within 30 days after either such acquisition, and in no event prior to the accident; almost four months after purchase of the second non-noticed replacement vehicle it was involved in an accident.

Under these circumstances we now conclude, (1) by reason of failure to give Dairyland Mutual Insurance Company notice within the policy prescribed period of 30 days after acquisition of the second replacement automobile neither Francis Allen Rohlf nor his wife were insured or covered by the policy in question at time of the subject accident; (2) Dairyland was under no duty to defend in the negligence action brought against the Rohlfs by Inghrams; (3) bad faith by Dairyland is not here disclosed; (4) the doctrine of estoppel is inapplicable; (5) Dairyland could not be obligated to the Rohlfs under any potential liability, or unjustified refusal to defend theory; and (6) Dairyland cannot be held liable to the Rohlfs by way of indemnity attendant upon the verdict returned against them in the negligence action, or for defense related attorneys' fees.

Trial court erred in holding otherwise.

Costs on this appeal are taxed to Francis A. Rohlf, defendant appellee.

Reversed and remanded with instructions that an order on adjudication of law points be entered consistent with this opinion.

Reversed and remanded with instructions.

All Justices concur, except LeGRAND and REES, JJ., who take no part.