**IMT INSURANCE COMPANY,**
Appellant,

v.

**Ed F. MYER, Kenneth Fitch, and Ellen Fitch, Appellees.**

**No. 62653.**

Supreme Court of Iowa.

Sept. 19, 1979.

John D. Sens of Stuart, Tinley, Peters, Thorn, Smits & Sens, Council Bluffs, for appellants.

A. W. Tauke of Porter, Lash, Reilly & Tauke, Council Bluffs, for appellee, Ed F. Myer.

William Welch, Logan, for appellees, Kenneth Fitch and Ellen Fitch.

Considered by REYNOLDSON, C. J., and LeGRAND, REES, McCORMICK, and McGIVERIN, JJ.

LeGRAND, Justice.

This case is here on an interlocutory appeal under rule 2, R.App.P., from an order on defendant Myer's application for adjudication of law points. We reverse and remand for further proceedings.

Although named as defendants, Kenneth Fitch and Ellen Fitch have taken no part in this appeal. We discuss the case as though IMT as plaintiff and Ed F. Myer as defendant were the only parties.

In 1975 Kenneth Fitch sued Myer for personal injuries sustained as a result of Myer's alleged negligence. That case was pending at the time of the proceedings in question here. Myer was insured with IMT against liability arising out of his ownership, use, or possession of the real estate where Fitch claims he was injured.

Because there was some serious question about where the accident occurred and, consequently, about coverage under the IMT policy, IMT had Myer execute an agreement entitled Authorization for Claim Ser-

vice and Nonwaiver of Rights. This is commonly referred to as a reservation of rights agreement. The agreement authorized IMT "to investigate, negotiate, settle, deny or defend [any] claim" made by Fitch without waiving its rights under the policy. Protected by this agreement, IMT undertook to defend Myer against Fitch's claim.

Later IMT brought this action for declaratory judgment to resolve the coverage question. Myer filed a motion under rule 105 asking the court to adjudicate "whether or not the assumption of the defense by plaintiff in the case of Kenneth Fitch and Ellen Fitch vs. Ed F. Myer . . . prior to the commencement of this [declaratory judgment] action constitutes either an election of remedies by, or an estoppel against, . . . IMT Insurance Company, and . . . [whether] this [declaratory judgment] action is not maintainable at this time by [IMT]."

After hearing, the trial court ruled IMT was estopped from proceeding with its declaratory judgment action and was also estopped from discontinuing its defense of Myer in the suit by Fitch. The trial court did not rule on the election of remedies issue, and that matter is not raised on this appeal.

Unless precluded from doing so by the reservation of rights agreement, IMT was entitled to bring a declaratory judgment action to determine coverage under the policy. *Farm and City Insurance Co. v. Coover*, 225 N.W.2d 335, 337 (Iowa 1975); *Inghram v. Dairyland Insurance Co.*, 178 N.W.2d 299, 304–05 (Iowa 1970). The question, then, becomes whether the agreement entered into between Myer and IMT operates as an estoppel against IMT's rights to pursue remedies otherwise available to determine its obligation under the policy.

■ Before discussing the merits of the matter, we set out the general principles governing an application under rule 105. An adjudication of law points is confined to a determination of legal matters on uncontroverted pleadings. No evidence may be taken to support or resist the motion and no facts outside the pleadings may be considered. *Woodburn v. Northwestern Bell Co.*, 275 N.W.2d 403, 406 (Iowa 1979); *State v. Iowa District Court in and for Linn County*, 271 N.W.2d 704, 706 (Iowa 1978); *Carter v. Jernigan*, 227 N.W.2d 131, 133 (Iowa 1975).

■ Since estoppel depends on the existence of certain foundational facts (*Merrifield v. Troutner*, 269 N.W.2d 136, 137–38 (Iowa 1978) ) and since no evidence may be considered in a rule 105 application, it is apparent estoppel is seldom determinable as a question of law.

■ We believe the trial court erred here in deciding estoppel had been established as a matter of law. The trial court assumed that Myer was necessarily prejudiced and that withdrawal of the defense by IMT during the progress of the case would be to his detriment. These were matters of proof, not of judicial notice. IMT was entitled to show, if it could, the facts negating coverage and the absence of prejudice to Myer in withdrawing from his defense. The trial court was wrong in finding prejudice without proof and was wrong also in saying IMT's action for declaratory judgment was premature.

■ While we recognize there may be cases in which a reservation of rights agreement works an estoppel, ordinarily it does not. *McCann v. Iowa Mutual Liability Insurance Co.*, 231 Iowa 509, 521, 1 N.W.2d 682, 688 (1942). *See also* discussion in *Inghram v. Dairyland Mutual Insurance Co.*, 178 N.W.2d 299, 303–05 (Iowa 1970). The questions raised by the application for adjudication of law points were not determinable as a matter of law, and, because the trial court ruled otherwise, the case is reversed and remanded for trial on the merits.

REVERSED AND REMANDED FOR TRIAL ON THE MERITS.