■ In the Matter of ST. PAUL FIRE & MARINE INSURANCE COMPANY, Respondent, v JOSEPH F. NOCCA et al., Appellants, and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent. [615 NYS2d 766] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, Joseph F. Nocca, Francis A. Romano, and Audrey Romano appeal from a judgment of the Supreme Court, Rockland County (Weiner, J.), entered April 22, 1992, which, after a hearing, dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

On December 24, 1985, Eileen Wiley purchased an automobile insurance policy from State Farm Mutual Automobile Insurance Company to cover her 1983 Ford Escort (hereinafter Vehicle No. 1). On January 14, 1986, Wiley was involved in an accident with Vehicle No. 1, as a result of which the car was declared a total loss. State Farm paid Wiley for the loss and took title to Vehicle No. 1. On February 12, 1986, Wiley purchased a second Ford Escort (hereinafter Vehicle No. 2) which she registered with the New York State Department of Motor Vehicles on February 14, 1986. However, Wiley never notified State Farm that she had acquired Vehicle No. 2. On December 24, 1987, Joseph Romano was killed and Audrey Romano was seriously injured when Wiley, while operating Vehicle No. 2, crossed the center line of a highway and collided head-on with the Romano vehicle. Wiley was also killed in the accident. When the Romanos' executors sought to arbitrate a claim under the uninsured motorist provisions of their own automobile insurance policy issued by St. Paul Fire & Marine Insurance (hereafter St. Paul) Company, St. Paul commenced the instant proceeding to stay arbitration.

The appellants contend that the Supreme Court erred in finding that Wiley's Vehicle No. 2 was not insured by State Farm on the date of the accident. We disagree. Pursuant to the terms of the State Farm policy issued originally to Wiley, "liability coverage extend[ed] to the use, by an insured, of a *newly acquired car,* a temporary substitute car or a non-owned car" (emphasis added). Elsewhere in the policy, a "newly acquired car" is defined as "a car newly owned by you or your spouse if it: (1) replaces your car * * * but only if you or your spouse * * * (1) tell us about it within 30 days after its delivery to you or your spouse". It is well settled that such "a

notice provision in an automatic new automobile coverage provision is mandatory, and [that] there is by definition no coverage after the initial automatic period if notice is not given as required, in which case the policy coverage expires by its own terms" *(see,* 12 Couch, Insurance 2d § 45:200; *also, Schaller v Aetna Cas. & Sur. Co.,* 280 App Div 988, *affd* 306 NY 725; 70 NY Jur 2d, Insurance, §§ 1503-1504). Since Wiley failed to notify State Farm of her acquisition of Vehicle No. 2, the policy automatically expired pursuant to its terms 30 days after February 12, 1986. Accordingly, the court properly determined that Vehicle No. 2 was not insured on the date of the accident.

We have examined the appellants' remaining contentions and find them to be without merit. Balletta, J. P., Rosenblatt, Joy and Florio, JJ., concur.