## FIDELITY & CASUALTY CO. OF NEW YORK v. GAULT.

### No. 13853.

United States Court of Appeals
Fifth Circuit.

April 29, 1952.

P. H. Eager, Jr., Jackson, Miss., L. A. Smith, Jr., Holly Springs, Miss., for appellant.

Chester L. Sumners, R. L. Smallwood, Jr., Oxford, Miss., for appellee.

Before HOLMES, STRUM, and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

The appellee carried a liability policy with the appellant on her automobile. At the time she first obtained this insurance she lived in Oxford, Mississippi, and was connected with the University. Later, she moved to Grand Forks, North Dakota, but continued to carry her insurance with appellant through its Oxford agency.

The insured returned on a visit to her parents in Oxford, and took them for a trip into Alabama. As she was returning with them on August 17, 1950, she collided with another automobile on a narrow bridge a short distance from Tupelo, Mississippi. As a result of this accident, her mother, Mrs. J. W. Gault, was seriously injured.

Appellee promptly notified the appellant of the accident. The latter denied liability, refused to investigate the matter, or to defend any suit with reference thereto, on the ground that the policy had been cancelled on July 14, 1950, for non-payment of the premium by the insured. The notice of cancellation was mailed to the insured at Oxford, when she was in North Dakota, and she never received it.

When the mother filed suit on September 2, 1950, against the insured, alleging negligence on the part of the driver, and process was served on the daughter, the latter left the following day for her work with the medical school at Grand Forks, but advised the appellant of the suit. The company refused to defend it, and returned the summons to the insured with notice of its contention that the policy had been cancelled before the accident for non-payment of premium. On September 12, 1950, a judgment was rendered against the insured for $16,200. Mrs. Gault then filed her suit in the federal court against appellant. In the trial of this cause the company, as defendant therein, raised the defense of the

policy's cancellation, which was the sole issue before the court. The court rendered judgment against the company for the full sum of $5000, with interest, plus $500 for medical expenses, with interest; and the judgment for the total of these amounts was paid in full.

Thereafter, in February, 1951, the appellee filed the present suit against the appellant for damages in the sum of $11,200, alleging negligence, fraud, and bad faith, on the part of the company in failing to investigate and defend in accordance with the terms of its policy. The jury found for the plaintiff, appellee here, and assessed her damages at $11,200. The court below ordered that this sum be applied upon, and in satisfaction of, the balance due on the judgment of Mrs. J. W. Gault against her daughter, the insured. For reasons that will appear in a moment, we do not pass upon the power of the court to give judgment against the appellant in favor of Mrs. Gault, who was not a party to this litigation.

We find in the record no evidence of negligence, fraud, or bad faith, on the part of the insurer in failing or refusing to investigate this accident or to defend the suit against the insured that was filed by her mother. Conceding, for present purposes, that the policy was in force at the time of the accident, and that the company breached its contract in failing and refusing to investigate and defend the claim, it does not necessarily follow that the company was negligent, acted in bad faith, or committed any tort, in breaching its contract. In fact, there is no evidence of bad faith or any tortious conduct on the part of the insurer; it never undertook to investigate, defend, or have anything to do with this accident or any litigation arising out of it.

One may commit a tort in negligently performing a contract or while pretending to perform it, but the insurer did neither in this case. Cf. Home Indemnity Co. v. Williamson, 5 Cir., 183 F.2d 572. If it had undertaken the defense or investigation, and had done it negligently, it would have been liable for all damages directly and proximately caused by its negligence; but it promptly and positively refused to have anything to do with the matter; and the insured is not shown to have suffered any damages that were fairly within the contemplation of the parties, at the time the policy was issued, as likely to flow from a breach of the insurer's contract to investigate and defend.

The evidence shows a total failure of the appellee to defend the suit brought against her by her mother, or to attempt to reduce her damages in any particular, after knowing positively that the insurer absolutely refused to assume any responsibility in connection with the matter. Because of the total failure of proof of any damages resulting from said breach of contract, the judgment appealed from is reversed, and the cause remanded with directions to the district court to enter judgment in accordance with the appellant's motion for a directed verdict. 28 U.S.C. § 2106; Rule 50(b) of Federal Rules of Civil Procedure, 28 U.S.C.

Reversed and remanded.