[No. 34212. Department One. July 25, 1957.]

WILLIAM N. SUMMERWELL, *Individually and as Executor,*
*Appellant,* v. FARMERS INSURANCE EXCHANGE, *Respondent,*
WESTERN PACIFIC INSURANCE COMPANY, *Appellant.*[1]

*Leon L. Wolfstone, M. K. Burgess,* and *Vernon W. Towne,*
for appellants.

*Martin, Shorts & Bever,* for respondent.

MALLERY, J.—This was an action for a declaratory judgment. The plaintiff had a public liability policy on a 1947 Chevrolet, under which the defendant Farmers Insurance Exchange contracted to pay certain specified sums on account of bodily injury, sickness, or death of any person and for certain property damage for which plaintiff's liability would arise because of the ownership, maintenance, or use of his certain described Chevrolet car.

On April 15, 1954, the plaintiff traded his Chevrolet car

[1]Reported in 313 P. (2d) 1112.

in on a 1952 Ford. Such an event is provided for in the policy by the requirement that

"(a) Automobile. Except where stated to the contrary, the word 'automobile' means: . . .

"(5) Newly Acquired Automobile—an automobile, ownership of which is acquired by the named insured who is the owner of the described automobile, if the named insured notifies the Exchange within thirty days following the date of its delivery to him, and if either it replaces an automobile described in this policy or the Exchange insures all automobiles owned by the named insured at such delivery date; . . ."

The plaintiff insured his Ford with another company and did not notify the defendant Farmers Insurance Exchange of the replacement of his Chevrolet within the thirty days as required by the policy. Consequently, the policy did not cover his Ford automobile. On July 21, 1954, near Wilmington, Illinois, the Ford automobile was involved in a serious accident.

On July 24, 1954, a neighbor of the plaintiff called on an agent of the defendant Farmers Insurance Exchange and informed him of the accident, and that the Chevrolet car covered by the policy had been disposed of by turning it in on the Ford car that was in the accident. At this time, the premium on the policy was overdue, but the grace period had not elapsed. The neighbor paid the premium, and the agent made a notation on the policy replacing the Chevrolet automobile described therein with the Ford automobile. However, the endorsement was prospective only and had this specific restriction:

"8. THIS ENDORSEMENT TO BE EFFECTIVE 11:30 A.M. JULY
                                               Time       Mo.
24th 1954 BUT IN NO EVENT PRIOR TO TIME APPLIED FOR."
Day Year

The defendant Farmers Insurance Exchange returned the premium and canceled the policy as of October 4, 1954, and refused to accept any responsibility with regard to the accident involving the Ford car on July 21, 1954.

In its declaratory judgment, the court held:

"That the policy of insurance bearing No. 37002661 issued by the defendant, Farmers Insurance Exchange, to the plaintiff did not provide any insurance coverage to the plaintiff, either individually or as Executor of the Estate of Jean Summerwell, deceased, on July 21, 1954 as to the Ford automobile owned by the plaintiff on that date and in which the plaintiff and his deceased wife were involved in an accident. That the defendant, Farmers Insurance Exchange, has no obligation or liability to the plaintiff, William N. Summerwell, Individually and as Executor of the Estate of Jean Summerwell, deceased."

The plaintiff appeals.

The appellant contends that the respondent waived the requirement in the policy that it be notified of the replacement of the automobile insured, by reason of a letter dated July 24, 1954, which its agent wrote to the appellant, after the accident, in answer to his inquiry as to the status of the policy. We set out the language relied upon by the appellant:

"Your policy was never out of force for 5/10/5 B. I. & P. D. & $1000 medical for each person in your car. There was a problem about the 52 Ford as we had the 47 Chev insured but since the Chev was turned in on the Ford *I am fairly certain everything will work out all right.* We wired the Chicago claims office to contact you. If they have not done so by now you should call them. They'll be in the Chicago ph. bk.

"It will take longer than usual because of the change of car and because the ins. was in the grace period when this happened.

"Keep all of your paid bills or turn them in to the Chicago office. *They are handling the case for us back there.*" (Italics ours.)

This language does not constitute a waiver of any right the company had because (a) it was not relied upon, or (b) written prior to the accident. It merely expresses *the opinion* of the agent as to what the company would do, and concludes with the statement that the Chicago office of the respondent was handling the case.

With regard to the replacement of an *insured* automobile by a *different* one, under the type of policy in question, in

*Ohio Cas. Ins. Co. v. Nelson,* 49 Wn. (2d) 748, 306 P. (2d) 201, we said:

"In order for the respondents to recover upon their cross-complaint, it was incumbent upon them to establish by a preponderance of the evidence at least these essential facts: (1) that Nelson had in fact disposed of the 1947 Frazer, and (2) that Nelson, or someone on his behalf, had *notified* the Dunton agency of the disposition of the Frazer and requested that the Mercury replace the Frazer as the automobile covered by the policy." (Italics ours.)

Since the required notice was not given either (a) within thirty days of replacement or (b) prior to the accident, the trial court was correct in holding that the respondent, Farmers Insurance Exchange, had no liability for the accident occurring to the Ford car.

The cause of action of appellant Western Pacific Insurance Company, which had intervened below, is predicated upon the validity of the policy coverage for the Ford car at the time of the accident. Its dismissal with prejudice was correct.

The judgment is affirmed.

HILL, C. J., FINLEY, WEAVER, and OTT, JJ., concur.