4 Wn. App. 221 (1971)
480 P.2d 537
WEST AMERICAN INSURANCE COMPANY, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.
No. 329-1.
The Court of Appeals of Washington, Division One  Panel 1.
February 8, 1971.
Horswill, Keller, Rohrback, Waldo & Moren and Harold Fardal, for appellant.
Skeel, McKelvy, Henke, Evenson & Betts and R.L. Gemson, for respondent.
WILLIAMS, J.
This is an action between insurance companies over which one should pay a casualty loss arising *222 from an automobile-pedestrian accident. At the conclusion of plaintiff West American Insurance Company's case, the court sustained a challenge to the sufficiency of the evidence and entered judgment of dismissal. This appeal followed.
Respondent, State Farm Mutual Automobile Insurance Company, issued its policy of automobile liability insurance to Jennie Perry, covering the vehicle she then owned. At a later date she purchased another automobile which she loaned to Thomas J. Avants, who was in the automobile body shop business. He directed an employee to use this vehicle to take the current receipts of the business to the bank for deposit. While returning from this errand, the employee struck a pedestrian in a crosswalk.
The pedestrian sued Avants, whose liability insurance carrier, appellant West American Insurance Company, accepted responsibility as to him, but tendered the defense of the action to respondent on the theory that it had the primary coverage. Respondent declined the tender, appellant settled the claim at a total reasonable cost of $9,529.80, and then brought this action to recover that amount from respondent.
The trial court dismissed the complaint because of the operation of two clauses in Jennie Perry's contract of insurance. The first clause provided coverage for a newly acquired automobile if "the named insured notifies the company within 30 days following such delivery date." The accident occurred within a week of the delivery date, but several months went by before Jennie Perry notified respondent, and then only to advise of the accident. Later, she signed a statement that she never did intend to have the new vehicle covered by the policy. Appellant contends the clause provides "automatic insurance" for the 30-day period, irrespective of whether notice was given or not.
[1] It appears from the contract of insurance that the policy afforded protection for the newly acquired vehicle for the first 30 days following its acquisition. During these 30 days, the insured had the opportunity of arranging for *223 permanent coverage by respondent, placing her insurance elsewhere, or deciding not to insure the vehicle at all. Respondent's position, however, is that the coverage was canceled retroactively at the end of the 30-day period because no notice was given. Washington cases which consider this type of clause concern accidents which occurred after the 30-day period and so are not in point. Cf. Clow v. National Indem. Co., 54 Wn.2d 198, 339 P.2d 82 (1959); Summerwell v. Farmers Ins. Exch., 50 Wn.2d 636, 313 P.2d 1112 (1957).
Hall v. State Farm Mut. Auto. Ins. Co., 268 F. Supp. 995 (D.S.C. 1966), aff'd per curiam, 378 F.2d 371 (4th Cir.1967), is in point and decided that a similar clause provided automatic insurance for 30 days, which coverage was not forfeited by subsequent failure to give notice. This is the majority, and we think the best, view. See Construction and application of automatic insurance clause or substitution provision of automobile liability or indemnity policy, Annot., 34 A.L.R.2d 936 (1954).
[2] But respondent calls attention to the written statement which Jennie Perry gave 7 months after the accident in which she said that when she acquired the new vehicle she did not intend that it be covered by her policy of insurance. It does not appear that this intent was expressed to, or accepted by, respondent as the other contracting party prior to the time the cause of action, if any, arose under the terms of the insurance policy. An intent of one party to a contract not communicated to the other party will not serve to modify that contract. 17 G. Couch, Insurance, § 65.5 (2d ed. R. Anderson 1967). See also RCW 48.18.190 which requires that a modification of an insurance contract must be in writing and made a part of the policy.
The second contested clause is an "automobile business" exclusion which provides that the insurance does not apply if a vehicle is "used in an automobile business." Automobile business is defined in the policy as: "the business of selling, repairing, servicing, storing or parking of automobiles." This exclusion has been construed under different factual *224 situations in Western Pac. Ins. Co. v. Farmers Ins. Exch., 69 Wn.2d 11, 416 P.2d 468 (1966); Northwestern Mut. Ins. Co. v. Great American Ins. Co., 66 Wn.2d 762, 404 P.2d 995 (1965); McCree v. Jenning, 55 Wn.2d 725, 349 P.2d 1071 (1960), in each of which it was held not to defeat liability protection.
[3-5] The task presented here, as with any contract capable of more than one construction, is to construe the policy of insurance so as to effectuate its purpose. Anderson & Middleton Lumber Co. v. Lumbermen's Mut. Cas. Co., 53 Wn.2d 404, 333 P.2d 938 (1959). Undoubtedly, the purpose of the insurance contract with which we are concerned was to afford normal household-car liability coverage to Jennie Perry at a reasonable cost. In order to accomplish this, there was excluded from protection hazards which are not normally associated with the usual operation of a domestic passenger automobile. The selling, repairing, servicing, storing, and parking of vehicles involves towing, test driving, and the like. These increase the risk, might call for an additional premium, and may understandably be excluded from a standard domestic policy. On the other hand, the occasional use of the vehicle to run an errand to the bank comes within the general purpose of the policy. Such use was not a hazard peculiar to the automobile business, but one which would fall within the scope of normal family activity. In deciding that the vehicle was not being used in the automobile business as defined in the policy, we apply the rule that:
where one construction would make a contract unreasonable or such as prudent men would not ordinarily enter into, while another, equally consistent with the language, would make it reasonable, fair, and just, the interpretation which makes it a rational and probable agreement must be adopted.
Ball v. Stokely Foods, Inc., 37 Wn.2d 79, 83, 221 P.2d 832 (1950). We also apply the rule that exclusionary clauses are to be strictly construed against the insurer. S.L. Rowland Constr. Co. v. St. Paul Fire & Marine Ins. Co., 72 *225 Wn.2d 682, 434 P.2d 725 (1967); Holter v. National Union Fire Ins. Co., 1 Wn. App. 46, 459 P.2d 61 (1969).
There remains unresolved the question of whether or not respondent had provided primary coverage with respect to the accident, and if it did, whether it would then be answerable to appellant for the amount paid on the claim. Western Pac. Ins. Co. v. Farmers Ins. Exch., supra. Since only one of the insurance policies is in the record, we cannot make that determination. The judgment of dismissal is reversed and the cause remanded for a determination of this issue and the entry of judgment accordingly.
It is so ordered.
HOROWITZ, C.J., and UTTER, J., concur.
Petition for rehearing denied March 25, 1971.
Review granted by Supreme Court May 26, 1971.