115 N.J. Super. 103 (1971)
278 A.2d 239
HARRY G. CARR, PLAINTIFF,
v.
STATE FARM MUTUAL INSURANCE COMPANY, A BODY CORPORATE AUTHORIZED TO DO BUSINESS IN THE STATE OF NEW JERSEY; AND JULIA SOLAN, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided May 24, 1971.
*104 Mr. Alan M. Wallack for plaintiff (Messrs. Jamieson, Walsh, McCardell, Moore & Peskin, attorneys).
Mr. Richard I. Wood for defendant State Farm Mutual Insurance Co. (Messrs. Lewis, Siegel & Wood, attorneys).
Mr. Stephen J. Zielinski for defendant Julia Solan.
SEIDMAN, J.C.C. (temporarily assigned).
This is a declaratory judgment action wherein plaintiff Harry G. Carr seeks a determination of coverage under a policy of automobile liability insurance issued by defendant insurer. By agreement of counsel the matters in controversy have been submitted to the court for decision on the basis of the pleadings, the deposition on file, the insurance policy and the memoranda of law.
The main issue presented is whether, under an automobile liability policy which covers a replacement automobile if the insured notifies the insurer thereof within 30 days following the delivery date, the insurer is obligated to defend the insured and pay any judgment that might be obtained in an action brought by a person injured in an accident involving the replacement automobile occurring beyond the 30-day period, the insured having notified the insurer of the acquisition of the automobile after the accident. The precise point involved does not appear to have been decided in any reported case in this State.
A secondary issue is whether notice of the accident was given to the insurer or its agent as soon as practicable.
The parties have stipulated that a policy of automobile liability insurance issued to plaintiff was in effect on August *105 5, 1967, when an accident occurred in which Julia Solan was injured. That the vehicle in question was not specifically described in the policy is also stipulated.
Although Julia Solan is joined as a party defendant, she has not participated actively in these proceedings.
In his complaint plaintiff alleges that he became the owner of a Chevrolet Corvair on or about July 14, 1967 (actually, the purchase was in April), and that on or about August 5 of that year, while operating the automobile, he was involved in an accident resulting in bodily injury to his passenger, Julia Solan. A negligence suit against plaintiff was instituted by the passenger and is now pending in the Law Division of this court. The complaint further alleges the issuance of the policy and the refusal of defendant insurer to defend the lawsuit and to pay any adverse judgment that might result.
State Farm disclaims any obligation to plaintiff, contending that while it had issued a policy of insurance to him, it was for another automobile, and plaintiff never made application for coverage on the Corvair. The insurer also alleges plaintiff's failure to give timely notice of the occurrence, in accordance with the terms of the policy.
It is not in dispute that for some years prior to the accident in question plaintiff had owned a standard policy of automobile liability insurance issued by State Farm. The one submitted to the court is for a six-month period commencing October 24, 1963, and renewable for like periods thereafter upon the payment of the premium. The described automobile is a 1963 Ford.
From plaintiff's deposition it appears that he occasionally bought used automobiles, worked on them to make them operable, and then either sold the automobile or kept it in replacement of or in addition to one he already owned. He bought the Corvair for $25 in April 1967, and in July, when it was operable, he took it for inspection. On the way back a head gasket blew and the car then remained in his yard until repairs were completed two days before the accident.
*106 Carr admits he did not apply for coverage when he bought the Corvair. He acknowledges, in a statement he gave to a State Farm representative, that "my intention was to get the Corvair insured by State Farm after I felt that the car was in good mechanical condition." It appears that the first time a State Farm agent learned of either the Corvair or the accident was in October 1967, when Carr went to the local office to pay the renewal premium and the agent, observing a bandage on Carr's head, made inquiry. When asked why he had not reported the acquisition of the Corvair, Carr's response was that he had not intended to insure it until it was working properly. Carr also claims he did not understand he was required to give notice to the company within 30 days after delivery of the automobile. He thought he could do so when he was ready to operate the vehicle, having heard he could do so anywhere from 30 to 90 days after registration.
There is essentially no controversy respecting these facts and they can be considered as having been found by the court.
It is now necessary to examine the pertinent provisions of the policy. One of the insuring agreements is to pay all damages which the insured shall become legally obligated to pay because of bodily injury sustained by other persons, caused by accident arising out of the ownership, maintenance or use of the owned automobile. By definition, the term "owned automobile" includes "a newly acquired automobile," which is described as follows:
Newly Acquired Automobile-means an automobile, ownership of which is acquired by the named insured if (1) it replaces an automobile owned by the named insured and covered by this policy, or the company insures all automobiles owned by the named insured on the date of its delivery, and (2) the named insured notifies the company within 30 days following such delivery date. * * * [Emphasis supplied]
Plaintiff argues, first, that the Corvair was a replacement automobile, citing Wojciechowski v. Hardware Mutual Casualty Co., 105 N.J. Super. 144 (Law Div. 1969), but *107 the point is conceded by State Farm's counsel, whose supplemental memorandum of law stipulates that the Corvair replaced the previously insured automobile.
The next contention is that clauses identical or very similar to the one at bar provide automatic insurance for the newly acquired automobile regardless of notice, at least for the period described in the policy. It has been held that where a policy requires notice of a newly acquired automobile within 30 days of the delivery date, interim coverage is automatic and gives protection for an accident occurring within that period, even though notice of acquisition has not been given in that time. Patrick v. State Farm Mut. Auto. Ins. Co., 90 N.J. Super. 442 (Law Div. 1966). See also National Union Fire Ins. Co. v. Falciani, 87 N.J. Super. 157 (App. Div. 1965), holding that when automatic coverage of after-acquired automobiles is provided and the insured acquired an additional automobile, notice during the policy period was not a condition precedent to coverage and coverage was not forfeited by the insured's failure to give notice within the policy period.
In the case now before the court State Farm knew nothing about the Corvair until October, six months after its acquisition; in fact, the accident itself was not reported for more than two months, and then only indirectly.
State Farm stipulates that had the accident occurred within 30 days of the date of delivery of the Corvair, the automatic insurance clause would have been operative and coverage would have been afforded, and that notice within the 30-day period is not necessary to effect coverage in such case. Its position is that there is no coverage here because the accident occurred after the 30-day period and before the insurer was notified of the replacement vehicle.
Plaintiff concedes that the crucial issue before the court is whether automatic coverage is limited to the 30-day period set out in the policy, but he contends that
* * * under the latest cases, notice of acquisition is not a condition precedent to coverage. Further, the automatic insurance feature *108 has not been limited to the notice period of the policy where the Courts have taken account of the reason underlying the provision. No new or greater risk is involved from the carrier's point of view. The clause protects the carrier's interest in a readjustment of the premium. That that purpose is paramount is patent in the cases and in the clause itself, which ends with the undertaking of the insured to pay such additional premium as shall be required.
No cases are cited in support of these assertions, so that the court does not know to what cases plaintiff refers. While notice of acquisition of a newly acquired automobile is not a condition precedent to coverage where the accident occurs during the prescribed period, the court's own research has disclosed no case which holds that coverage is provided even though neither the accident nor the acquisition is reported to the insurer during the time specified in the policy.
Although there is no reported case in this State on the subject, the well-established rule elsewhere is that where the automatic insurance clause requires notice of a newly acquired automobile to be given the insurer within the designated time, failure to give notice prior to an accident occurring after the expiration of the designated period precludes coverage of the new automobile.
In the case of Christiansen v. Moore, 184 Neb. 818, 172 N.W.2d 620 (Sup. Ct. 1969), involving a clause almost identical to the one in issue, the court held:
Nevertheless, we are unable to find any authority to support plaintiff's position that where no notice is ever given, and the accident occurred more than 30 days following delivery of the replacement car to the insured, the insured is still entitled to recover if the insurance company was not prejudiced. Courts have been unanimous in denying recovery under such circumstances. Various grounds have been relied on, although no one of them is entirely satisfactory. Thompson v. Dairyland Mutual Ins. Co., 30 Wis.2d 187, 140 N.W.2d 200 (1966), is illustrative of the position of many courts. In response to a contention that the insurance company must show some prejudice before it could be relieved from liability on the policy, the court said:
"But this is not a claimed breach of a policy provision perpetrated by the insured. Rather, it is the failure of the insured to perform a requirement of the policy, i.e., to give notice of a change *109 of vehicle, in order to gain coverage of a different vehicle under the policy. It is not a question of discontinuing coverage because of some act by the insured that breaches his contract; rather, it is the insured's failure to do some act that is required to bring about coverage. By his failure to give proper notice, Levy was not insured by the subject policy at the date of the accident. Thus, the breach cases are not in point at all."
In any event, the authorities unanimously agree that where no notice is given, there is no coverage of the replacement automobile with respect to accidents occurring after the prescribed period has elapsed. See, 7 Blashfield, Automobile Law and Practice, Insurance, § 316.6, p. 672; 7 Am. Jur.2d, Automobile Insurance, § 100, p. 408; Annotation, Automobile Insurance  Substituted Cars, 34 A.L.R.2d 936, § 7, p. 943; 7 Appleman, Insurance Law and Practice, § 4293, p. 84.
Under the "automatic insurance" provision before us, coverage extends to a replacement automobile as defined in the policy for 30 days following the delivery, in all events, irrespective of notice; but where notice is not given prior to the accident, there is no coverage with respect to accidents occurring after the 30-day period has elapsed.
See also Providence Washington Indem. Co. v. Edes, 109 F. Supp. 813 (D. Me. 1953); Sierra v. Romprey, 165 F. Supp. 483 (D.N.H. 1958), app. dism. 262 F.2d 287 (1 Cir.1958); Kelly v. State Farm Mut. Auto. Ins. Co., 256 F. Supp. 978 (E.D. Tenn. 1966); Mitcham v. Travelers Ind. Co., 127 F.2d 27 (4 Cir.1942), Everly v. Creech, 139 Cal. App.2d 651, 294 P. 2d 109 (D. Ct. App. 1956); Williams v. Standard Acc. Ins. Co., 158 Cal. App.2d 506, 322 P.2d 1026 (D. Ct. App. 1958); Inghram v. Dairyland Mut. Ins. Co., 178 N.W.2d 299 (Iowa Sup. Ct. 1970); Collard v. Globe Indem. Co., 50 So.2d 838 (La. Ct. App. 1951); Mathews v. Marquette Casualty Co., 152 So.2d 577 (La. Ct. App. 1963); Union Auto. Indem. Assoc. v. Reimann, 171 S.W.2d 721 (Mo. App. 1943); Mistele v. Ogle, 293 S.W.2d 330 (Mo. Sup. Ct. 1956); Schaller v. Aetna Cas. & Sur. Co., 280 App. Div. 988, 116 N.Y.S.2d 729 (Sup. Ct. 1952), aff'd 306 N.Y. 725, 117 N.E.2d 908 (Ct. App. 1954); Pride v. State Farm Fire & Casualty Ins. Co., 434 S.W.2d 146 (Tex. Civ. App. 1968); Maryland Casualty Co. v. Toney, 178 Va. 196, 16 S.E.2d 340 (Sup. Ct. 1941); *110 Summerwell v. Farmers Ins. Exchange, 50 Wash.2d 636, 313 P.2d 1112 (Sup. Ct. 1957); Clow v. National Indem. Co., 54 Wash.2d 198, 339 P.2d 82 (Sup. Ct. 1959); Thompson v. Dairyland Mut. Ins. Co., 30 Wis.2d 187, 140 N.W.2d 200 (Sup. Ct. 1966).
Whether notice given after the specified period, but prior to the accident, would effect coverage of the new automobile is not an issue in this case, and need not be considered.
The court concludes that on the facts here present the policy of automobile liability insurance issued by State Farm does not cover plaintiff's Corvair; consequently, State Farm is not obligated to defend the pending suit against plaintiff or to pay any judgment for damages that may be entered therein.
In view of these conclusions, the court deems it unnecessary to determine whether plaintiff failed to give notice of the accident as soon as practicable, in accordance with the policy conditions.
Judgment will be entered in favor of defendant State Farm Mutual Insurance Company, consistent with the conclusions reached herein.