**DAIRYLAND INSURANCE COMPANY,
Plaintiff,**

**v.**

**Ralph CRANE, Sr., et al., Defendants.**

**No. Civ69–152S.**

United States District Court,
D. South Dakota, S. D.

July 14, 1972.

Deming Smith, of Davenport, Evans, Hurwitz & Smith, Sioux Falls, S. D., appeared in behalf of the plaintiff.

Sam W. Masten, Canton, S. D., appeared in behalf of the defendant Crane.

Gerald L. Reade, of Brady, Kabeiseman, Light & Reade, Yankton, S. D., appeared in behalf of the defendants Ramsleys and Hoffmans.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

Plaintiff, Dairyland Insurance Company (Dairyland), seeks declaratory relief under 28 U.S.C.A. Sec. 2201 to determine its obligation, if any, to defend or pay damages on behalf of defendant, Crane, under an automobile liability insurance policy it issued to Crane. Federal jurisdiction is based on diversity of citizenship under 28 U.S.C.A. Sec. 1332.

Dairyland issued the automobile insurance policy in question to defendant, Ralph E. Crane, Sr., on June 29, 1964. The policy was thereafter renewed quarterly to and including May 21, 1967.

Crane replaced the automobile described in the liability policy three times prior to May 21, 1967, notifying Dairyland of the changes on December 5, 1964, March 15, 1965, and again on December 11, 1966. The automobile described in the liability policy on December 11, 1966, through May 21, 1967, was a 1952 Chevrolet pickup.

In February of 1967 Crane discontinued use of the 1952 Chevrolet pickup when its engine became unusable. On March 28, 1967, he purchased a 1950 Chevrolet sedan in Iowa for the purpose of using its engine in the 1952 pickup. Crane had the Iowa title transferred to him on March 28, 1967, and applied for a South Dakota title on March 31, 1967, which he received on May 8, 1967. He obtained South Dakota license plates on March 31, 1967, for the 1950 Chevrolet and drove the car from Sioux City,

Iowa, to his home near Burbank, South Dakota, on April 1, 1967.

After Crane got the 1950 Chevrolet home, he decided to junk out the 1952 pickup and fix up the 1950 Chevrolet since he ran into too much difficulty in switching engines. Thereafter he switched the tires, radiator, generator and battery from the 1952 Chevrolet pickup to the 1950 Chevrolet sedan, and he adjusted the brakes on the 1950 Chevrolet.

Crane drove the 1950 Chevrolet for the first time since he obtained it on April 1, 1967, about three miles on or about May 15, 1967, in order to purchase groceries.

On May 21, 1967, Crane was involved in a two-car accident in Nebraska while driving the 1950 Chevrolet sedan. As a result of this accident, Crane has been sued in state circuit court by defendants, Ralph Ramsley, Sr., Mabel Ramsley, Joseph B. Hoffman, Sr., Joseph D. Hoffman, and Geraldine H. Hoffman.

Crane claims coverage under Dairyland's newly acquired automobile clause and seeks to have Dairyland defend the suits against him in state court. In its policy with Crane, Dairyland agreed that:

. . . in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy . . . (t)o pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile, and injury to or destruction of property, including loss of use thereof, caused by accident and arising out of the ownership, maintenance or use of the automobile.

The word "automobile" was defined as:

(1) Described Automobile—the motor vehicle or trailer described in this policy or, if none is so described, any private passenger automobile owned on the effective date of this policy by the named Insured or by his spouse if a resident of the same household;

. . . . . .

(4) Newly Acquired Automobile—an automobile, ownership of which is acquired by the named Insured or his spouse if a resident of the same household, if (i) it replaces an automobile owned by either and covered by this policy, or the company insures all automobiles owned by the named Insured and such spouse on the date of its delivery, and (ii) the named Insured or such spouse notifies the company within thirty days following such delivery date. The insurance with respect to the newly acquired automobile does not apply to any loss against which the named Insured or such spouse has other valid and collectible insurance. The named Insured shall pay any additional premium required because of the application of the insurance to such newly acquired automobile.

It is Dairyland's contention that these policy provisions should be read expressly. Therefore, since Crane did not notify Dairyland of the delivery and replacement of the 1952 Chevrolet pickup with the 1950 Chevrolet sedan within 30 days of delivery of the 1950 Chevrolet sedan on April 1, 1967, and the accident occurred more than 30 days after the delivery of the replacement automobile (the 1950 Chevrolet sedan), Dairyland did not provide any coverage under the policy for the 1950 Chevrolet on the date of the accident, May 21, 1967.

The defendants claim the 1950 Chevrolet sedan was "junk" when purchased on March 28, 1967, and did not become an automobile within the provisions of the policy set out above until at least

May 15, 1967, when it was first ready for use. Therefore there was no duty on the part of Crane to notify Dairyland until 30 days after May 15, 1967, the date the 1950 Chevrolet sedan became an automobile within the policy provisions. Since the accident occurred on May 21, 1967, the replacement automobile (the 1950 Chevrolet sedan) was automatically covered under the policy provisions. Defendants rely on this Court's holding in Luke v. American Family Mutual Ins. Co., 325 F.Supp. 1330, 1332 (D.S.D. 1971) that:

the South Dakota Supreme Court would hold that the phrase "all private passenger and utility automobiles owned by the named insured" contained in this policy "does not contemplate a vehicle which is in such a position or condition that a reasonable person would not include it in a policy of public liability insurance."

■■ The policy in question must be construed in accordance with South Dakota law since it was entered into in South Dakota. American Service Mutual Ins. Co. v. Bottum, 371 F.2d 6, 8–9 (8th Cir.1967); Briggs v. United Services Life Ins. Co., 80 S.D. 26, 117 N.W. 2d 804, 806–807 (1962). Under South Dakota law an automobile insurance policy is to be construed in favor of the insured when it is susceptible of two constructions, one favorable and one unfavorable to the insurer. Wilson v. Allstate Ins. Co., S.D., 186 N.W.2d 879, 881 (1971).

■ The South Dakota Supreme Court has not yet ruled on the meaning of an "owned automobile" within the context of the insurance policy involved in Luke v. American Family Mutual Ins. Co., 325 F.Supp. 1330 (D.S.D.1971). However, we are here dealing with the meaning of a "newly acquired automobile" and its date of delivery. Therefore, the Luke case is inapplicable and defendants' theory fails. The South Dakota Supreme Court has ruled that 30 days notice need not be given where the newly acquired automobile replaces the

described automobile *if the policy so provides*. Wilson v. Allstate Ins. Co., S. D., 186 N.W.2d 879 (1971). Here the policy does require 30 days notice of the replacement.

■ The next issue then is, is the use of the words "delivery date" ambiguous. The Court finds that the South Dakota Supreme Court would follow the line of cases that says they are not ambiguous. See Williams v. Standard Accident Ins. Co., 158 Cal.App.2d 506, 322 P.2d 1026 (1958); Inghram v. Dairyland Mutual Ins. Co., Iowa, 178 N.W.2d 299 (1970); Collard v. Globe Indemnity Co., La.App., 50 So.2d 838 (1951); Carr v. State Farm Mutual Ins. Co., 115 N.J.Super. 103, 278 A.2d 239 (1971); Pride v. State Farm Fire & Casualty Ins. Co., Tex.Civ.App., 434 S.W.2d 146 (1968).

This view is supported by the fact that the South Dakota Supreme Court in Wilson v. Allstate Ins. Co., S.D., 186 N. W.2d 879, 881 (1971), quoted that portion of Dean v. Niagara Fire Ins. Co., 24 Cal.App.2d Supp. 762, 68 P.2d 1021 (1937), that holds that coverage of the replacing car commences with its delivery.

■ Crane took possession of the 1950 automobile on April 1, 1967, when he drove it from Iowa to South Dakota. The automobile was driveable at that time and certainly was a "newly acquired automobile" within the policy provisions. It is the date of delivery that is important under the policy provisions and not the date on which the insured decides what purpose he will make of the newly acquired automobile. Under the express provisions of the policy Crane had 30 days from the date of delivery, April 1, 1967, to notify Dairyland that the 1950 Chevrolet sedan was to replace the 1952 Chevrolet pickup or to obtain separate coverage for the 1950 Chevrolet. Since he failed to do either, Dairyland is not required to defend Crane and is not obligated to pay any damages that Crane may be liable for as a result of the May 21, 1967, accident.

This memorandum decision shall constitute the Court's findings of facts and conclusions of law in accordance with the provisions of Rule 52 of the Federal Rules of Civil Procedure.