[No. 101-40554-1.    Division One.    April 13, 1970.]
Panel 1

ALFRED TRIPPEL et al., Respondents, v. DAIRYLAND MUTUAL INSURANCE Co., Appellant.

*Murray, Dunham & Waitt* and *Wayne Murray,* for appellant.

*Horswill, Keller, Rohrback, Waldo & Moren* and *Harold Fardal,* for respondents.

FARRIS, J.—Alfred Trippel and Irene L. Trippel, husband and wife, and Irene Trippel as guardian ad litem for Richard Trippel, their son, and Mabel McCammant brought a declaratory judgment action to declare that a 1954 Oldsmobile automobile purchased on or about October 31, 1966, was insured by Dairyland Mutual Insurance Company under the terms of an automobile bodily injury and property damage liability insurance policy issued by the insurance company to Alfred Trippel as the named insured.

when said automobile while being driven by the son, Richard Trippel, was involved in an accident with the respondent Mabel McCammant on November 9, 1966.

The insurance company appeals from an adverse judgment.

On January 22, 1965, the insurance company issued an automobile liability policy to Alfred Trippel. By endorsement dated July 14, 1966, the described automobile became a 1964 Chrysler and by endorsement dated July 15, 1966, Richard Trippel, the 16-year-old son of the named insured Alfred Trippel became a permissive driver under the policy.

On July 18, 1966, a 1954 Chevrolet automobile was purchased. Title and registration was in the name of Alfred Trippel. Richard Trippel paid the full purchase price of $75, was responsible for all repairs to the car and purchased the vehicle license. This Chevrolet was operated until on or about August 2, 1966, when it stopped running. It was licensed for the years 1966 and 1967. After the accident, a mechanic for the insurance company put the 1954 Chevrolet into running condition. The total cost of the repairs was $36.58.

On or about October 31, 1966, Alfred Trippel purchased a 1954 Oldsmobile automobile. On November 9, 1966, while that automobile was being driven by Richard Trippel, it collided with Mabel McCammant, a pedestrian.

The Trippels did not notify the insurance company of the acquisition of the 1954 Chevrolet or the 1954 Oldsmobile, nor did they request that either vehicle be insured prior to November 9, 1966.

The pertinent provision of the insurance policy is:

IV *Automobile Defined, Trailers, Private Passenger Automobile, Two or More Automobiles, Including Automatic Insurance*:

(a) Automobile.  Except with respect to Coverage C-2 and where stated to the contrary, the word "Automobile" means:

(1) Described Automobile — the motor vehicle or trailer described in this policy or, if none is so

described, any private passenger automobile owned on the effective date of this policy by the named Insured or by his spouse if a resident of the same household;

. . .

(4) Newly Acquired Automobile — an automobile, ownership of which is acquired by the named Insured or his spouse if a resident of the same household, if (i) it replaces an automobile owned by either and covered by this policy, or the company insures all automobiles owned by the named Insured and such spouse on the date of its delivery, and (ii) the named Insured or such spouse notifies the company within thirty days following such delivery date.

The trial court concluded:

The owner of the 1954 Chevrolet automobile at all times was the plaintiff ALFRED TRIPPEL.

Conclusion of law 2.

The 1954 Chevrolet automobile at all times material herein was an operable automobile and that at the time of the accident of November 9, 1966, the plaintiff, ALFRED TRIPPEL owned three automobiles, to wit: a 1964 Chrysler Newport, a 1954 Chevrolet, and a 1954 Oldsmobile.

Conclusion of law 3.

█ In considering an identical automatic insurance clause the California court stated the rule:

This provision is in the alternative, applicable either if a newly acquired car is a replacement or if at its delivery date the company insures all automobiles then owned by the insured.

*Birch v. Harbor Ins. Co.*, 126 Cal. App. 2d 714, 720, 272 P.2d 784 (1954). See also *Williams v. Standard Acc. Ins. Co.*, 158 Cal. App. 2d 506, 322 P.2d 1026 (1958). The language of the insurance policy is clear and unambiguous. It must be given effect in accordance with its plain meaning. *Tucker v. Bankers Life & Cas. Co.*, 67 Wn.2d 60, 406 P.2d 628 (1965).

The Trippels do not deny the failure to give notice of ownership or to request insurance. They argue that the automobile was owned by the son, Richard Trippel, an

argument specifically rejected by the trial court. They also urge that the 1954 Chevrolet was excluded from consideration because it was not reasonable to insure it. They rely upon language in *Green v. American Home Assur. Co.,* 169 So. 2d 213 (C.A. La. 1964) and *Canal Ins. Co. v. Brooks,* 201 F. Supp. 124 (W.D. La. 1962), *aff'd per curiam,* 309 F.2d 751 (5th Cir. 1962).

> The language of the policy requiring that all automobiles owned by the named insured be included within the express coverage of the policy does not contemplate a vehicle which a reasonable person would not, on account of its condition, include in a policy of public liability insurance.

*Green v. American Home Assur. Co., supra* at 216.

The difficulty with respondents' position is the factual pattern and not the rule. Here, the cost of putting the 1954 Chevrolet into running condition was specifically found to be $36.58. The trial court concluded from the evidence that the car was operable at all times material herein. That conclusion is supported by the record.

There is also substantial evidence to support the trial court's conclusion that the 1954 Chevrolet was owned by Alfred Trippel, the named insured.

There is but one reasonable interpretation of the clear language of paragraph 4 of the insurance policy; the insurance company must have insured all vehicles owned by the insured at the time the additional automobile was acquired. The trial court's conclusion that this condition was not met is supported by substantial evidence. After specifically finding, upon substantial evidence, that the 1954 Chevrolet was an operable car owned by the insured and not insured by Dairyland, it was error for the trial court to decide that the 1954 Oldsmobile was insured by Dairyland on November 9, 1966.

The judgment is reversed.

JAMES, C. J., and SWANSON, J., concur.