HARSHBARGER, APPELLANT, v. MERIDIAN MUT. INS. CO.,
APPELLEE.

[Cite as Harshbarger v. Meridian Mut. Ins. Co.
(1974), 40 Ohio App. 2d 296.]

(No. 803—Decided March 15, 1974.)

*Mr. William D. Forbes,* for appellant.
*Mr. Robert C. Alexander,* for appellee.

KERNS, J. On February 15, 1972, Donald W. Harsh-
barger was operating a 1965 Cadillac when he was involv-
ed in a collision with an automobile operated by Curtis H.
Byrd.

At the time of the collision, Mr. Harshbarger held certi-
ficates of title to three other automobiles: a 1966 Cadillac,
a 1972 Volkswagen, and a 1963 Ford. The 1966 Cadillac
and the 1972 Volkswagen were covered by an insurance
policy issued by the Meridian Mutual Insurance Company,
but the insurance coverage did not extend to the 1963 Ford.

After the accident, Mr. Harshbarger claimed coverage
on the 1965 Cadillac under a clause in his policy which pro-
vides as follows:

" 'Newly acquired automobile' means a private pas-
senger or utility automobile, ownership of which is acquir-

ed by the named insured during the policy period *if* either it replaces an automobile described in the declarations of this policy or *the company insures all automobiles owned by the named insured on the delivery date of the newly acquired automobile*; provided the named insured shall pay any additional premium required because of the application of the insurance to such newly acquired automobile." (Emphasis ours.)

On the delivery date of the 1965 Cadillac, Harshbarger owned the 1963 Ford, and for this reason Meridian Mutual denied coverage.

The present action was commenced on August 1, 1972, and after the issues were drawn by the pleadings, the insurer moved for a summary judgment. In opposition to the motion for summary judgment, Mr. Harshbarger submitted an affidavit which states as follows:

"* * * that he was the owner of a 1966 Cadillac and a 1972 Volkswagen and had a certificate of title to a 1963 Ford; that in April of 1971, he sold the 1963 Ford automobile to a Paul Weist, who failed to make payments as agreed upon between the parties and he repossessed the said Ford automobile in October and placed the automobile in his garage; that the said 1963 Ford is an inoperable automobile for the following reasons: 1. Defective battery; 2. All tires are bald and should not be driven upon; 3. Defective starter; 4. Defective clutch and pressure plate; 5. Transmission is defective and needs repair; 6. Manifold is cracked; 7. Engine leaks oil; 8. Idle arm is defective and unsafe; and 9. Upper ball joints are in need of repair."

The Court of Common Pleas of Greene County ruled as a matter of law that the 1965 Cadillac was not covered by the Meridian Mutual policy because the company did not carry insurance on the 1963 Ford owned by Harshbarger, and the present appeal is from the order sustaining the motion for a summary judgment.

The question presented in this case has been the subject of some litigation, and it has generally been held that the term "automobiles," as used in the standard insurance clause, does not include permanently disabled vehicles or vehicles which are not used for travel on the roads and

highways. In other words, clunkers which are not mobile or operable so as to give rise to any insurable risk are not considered "automobiles" within the contemplation of the contracting parties, and automobiles which do nothing more than mar the countryside or clutter garages cannot reasonably be related to the purpose of the "newly acquired automobile" clause of the policy.

Hence, a fair analysis of the insurance clause is necessarily dependent upon an objective determination of the future plans for Harshbarger's 1963 Ford. Was it headed for the highway or the junk pile? or, in the vernacular, was it totaled or economically repairable?

These questions involve a combination of factors (the age and condition of the vehicle, the intent of the policy holder, the cost of repairs, the period of non-use etc.), and these issues, which are essentially factual in nature, cannot be resolved with any degree of certainty without an evidentiary hearing.

Almost every automobile, at some time or other, is temporarily inoperable, and it may be that this was the status occupied by the 1963 Ford on the delivery date of the 1965 Cadillac. But in applying the fundamental rules' applicable to a motion for a summary judgment, we are of the opinion that the order of the trial court was premature.

The appellee relies heavily upon the case of *Miller* v. *Shelby Mut. Ins. Co.,* 20 Ohio App. 2d 323. In that case, however, facts were agreed upon, and the policyholder intended to use the car after repairing it. But no such fact is available from the record in the present case, and in view of the serious maladies described in Harshbarger's affidavit, a complete diagnosis of his Ford may reveal a terminal case.

At any rate, reasonable minds might differ as to the predictable future of the 1963 Ford. Hence, the order of the Court of Common Pleas granting the motion for a summary judgment will be reversed, and the cause remanded to that court for further proceedings according to law.

*Judgment reversed.*

CRAWFORD, P. J., and SHERER, J. concur.