GLADYS L. WYATT, APPELLANT, v. WOODMEN ACCIDENT AND LIFE COMPANY, A CORPORATION, APPELLEE.

234 N. W. 2d 217

Filed October 30, 1975. No. 39942.

Wright & Simmons, for appellant.

John Haessler, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

This is an action to recover benefits under an accidental death benefit provision attached to an endowment life insurance policy issued by Woodmen Central Life Insurance Company, defendant's predecessor. The only issue tried was whether the accidental death benefit provision was in force at the date of the insured's death on January 30, 1974. After trial to the court, plaintiff's petition was dismissed. We affirm.

On August 7, 1953, defendant's predecessor issued a 39-year endowment policy to John Norman Wyatt for the face amount of $2,500. The policy contained an accidental death benefit provision rider. The following

language of the rider is sufficient for our purposes: "If, after the payment of the initial premium under the policy and this supplementary provision, and before default in the payment of any subsequent premium, due proof shall be presented at the Home Office of the death of the Insured *during the premium-paying period* and prior to the anniversary of the policy nearest the Insured's sixtieth birthday * * * the Company Will Pay TWO THOUSAND FIVE HUNDRED Dollars in addition to the other proceeds of this policy." (Italics supplied.)

The twentieth annual premium, covering the period of 1 year from August 7, 1972, until August 7, 1973, was paid about July 25, 1972. Plaintiff met with an accidental death January 30, 1974, more than 5 months after the expiration of the premium paying period. The type of policy is described on the first page in the following words:

"39 Year Endowment
"Premiums Payable For 20 Years
"Annual Participation."

This same endorsement appears on the back page of the policy, directly under the name of the company and the policy number. The table of guaranteed values, included as a part of the policy, shows the policy to be paid up at the end of 20 years.

Plaintiff, the surviving spouse of the insured, alleges the application fails to disclose that insured was informed he was applying for any type of life insurance other than life insurance with double indemnity coverage continuing for life. Plaintiff contends the policy is ambiguous and should be construed against the defendant to provide for the payment of an accidental death benefit of $2,500 as provided by the rider attached to the policy. Plaintiff suggests the assured would not have understood that the accidental death benefit provision was to terminate when he was only 46 years of age.

A policy of insurance will be given effect according

to the ordinary sense of the terms used, and if they are clear they will be applied according to their plain and ordinary meaning. Koehn v. Union Fire Ins. Co. (1950), 152 Neb. 254, 40 N. W. 2d 874.

The parties to an insurance contract may make the contract in any legal form they desire and, in the absence of statutory provisions to the contrary, insurance companies have the same rights as individuals to limit their liability and to impose whatever conditions they please upon their obligations, not inconsistent with public policy. If plainly expressed, insurers are entitled to have such exceptions and limitations construed and enforced as expressed. Lonsdale v. Union Ins. Co. (1958), 167 Neb. 56, 91 N. W. 2d 245.

In construing a contract, the instrument must be read as a whole, giving force and effect to all its provisions to determine whether or not any ambiguity exists and whether, if such ambiguity does exist, if the contract is confusing and uncertain in its terms. See Kent v. Dairyland Mut. Ins. Co. (1964), 177 Neb. 709, 131 N. W. 2d 146.

We are unable to follow plaintiff's argument on ambiguity. The policy is clear in establishing a 20-year premium-paying period. There is no reasonable interpretation that could extend the premium-paying period beyond August 7, 1973, the date the policy became paid up. The accidental death benefit provision is specifically limited to the premium-paying period. It is undisputed that defendant paid no premium after paying the twentieth annual premium in July of 1972. We find no ambiguity in the contract.

An insurance policy should be construed as any other contract to give effect to the intent of the parties at the time it was made. The language should be considered not in accordance with what the insurer intended it to mean but what a reasonable person in the position of the insured would have understood it to mean. In giving effect to this principle of law, it is imperative that the contract made by the parties shall be respected

and that a new contract is not interpolated by construction. Construction ought not to be employed to make a plain agreement ambiguous for the purpose of interpreting it in favor of the insured. The policy should be given meaning and effect according to the sense of the terms which the parties have used and if they are clear, they should be taken in their plain and ordinary sense. The terms used herein are clear and unambiguous. The premium-paying period is limited to 20 years. The finding of the trial court is correct, and is affirmed.

AFFIRMED.