**MARYLAND CASUALTY COMPANY,**
**Appellant,**

v.

**FARMERS ALLIANCE MUTUAL IN-**
**SURANCE COMPANY, Appellee.**

**No. 48791.**

Court of Appeals of Oklahoma,
Division 1.

May 10, 1977.

Released for Publication by Order of
Court of Appeals June 2, 1977.

Crowe & Crowe, Inc. by R. Denning Crowe, Oklahoma City, for appellant.

Fenton, Fenton, Smith, Reneau & Moon by Donald R. Wilson, Oklahoma City, for appellee.

BOX, Judge:

An appeal by Maryland Casualty Company (hereinafter referred to as Maryland) from the granting of summary judgment in favor of the garnishee, Farmers Alliance Mutual Insurance Company (hereinafter referred to as Farmers).

James W. Turner was employed by Midwest Contractors, Inc. to do carpentry work on the construction of a new home. On the evening of March 9, 1971 Turner connected the propane gas tank to the gas plumbing of the house to provide heat so that he could keep warm while working. He did not properly check to determine if all caps were on the lines or if there were any leaks in the system. Turner lit a cigarette causing an explosion of the escaping gas inside the house. The resultant damage to the dwelling amounted to $5,894.66.

Turner was injured in the explosion and received workmen's compensation benefits from Maryland while recovering. On April 24, 1972 suit was filed against Turner by Maryland under its subrogation rights to recover money it paid for fire damage to the house. Mrs. Turner swore in an affidavit she had given oral notice of the accident and legal proceedings to Mr. Harp at the Hood-Donley Agency, Inc. in Lawton within thirty days of the commencement of action (over thirteen months from the date of the accident). Farmers did not receive written notice until August 1, 1973.

On December 6, 1973 summary judgment was rendered against Turner for $5,844.66 plus interest at the rate of ten percent per annum from the date of judgment until paid.

Thereafter, garnishment summons was issued against Turner's insurance carrier, Farmers, who filed an answer denying coverage on four grounds: (1) failure of the insured to give the company prompt notice of the occurrence; (2) failure of the insured to give the company prompt notice of the filing of suit and forward suit papers to the company; (3) the policy excluded property damage arising out of business pursuits of the insured; and (4) the policy excluded coverage for property damage to property occupied or used by the insured or rented to or in the care, custody or control of the insured.

On July 7, 1975 Farmers moved for summary judgment which was subsequently granted by the trial court. Whether the trial court's granting of summary judgment in favor of Farmers was proper is the issue on appeal.

I.

Under Section II of the insurance policy issued to Turner, Farmers agreed to pay on behalf of Turner all sums which he would become legally obligated to pay because of property damage. However, there are two special exclusions contained within the policy which are pertinent to this appeal. The first reads as follows:

Special Exclusions

Section II of this Policy Does Not Apply: (a)(1) *to any business pursuits of an Insured, except,* under Coverages E and F, *activities* therein which are *ordinarily incident to nonbusiness pursuits,* . . . . (Emphasis added.)

Business is defined under the policy as the trade, profession or occupation of the insured (Turner).

Maryland asserts that the loss was covered under the "nonbusiness pursuits" provision of the insurance policy because Turner was not acting within the scope of his employment in either lighting a cigarette or in connecting the propane tank to the plumbing. We disagree.

At the time of the accident, Turner was employed by Midwest Contractors, Inc. and was on the premises to perform his "trade, profession or occupation" as a carpenter. Although Turner was negligent in connecting the gas and lighting a cigarette, he was engaged in a "business pursuit," i.e., carpentry, when the accident occurred.

In construing the applicability of the business pursuit exception, the Supreme Court has stated "the profit motive . . is important." *Wiley v. Travelers Insurance Co.*, Okl., 534 P.2d 1293, 1295. Turner was in the house to make a profit. The fact Turner lit a cigarette or turned on gas to keep warm does not change the underlying circumstance that Turner was engaged in a business pursuit. Further, it has been held that damages caused while a servant was smoking arose out of the course of his employment. In *McKinney v. Bland,* 188 Okl. 661, 112 P.2d 798, 799, quoting *Maloney Tank Mfg. Co. v. Mid-Continent Pet. Corp.,* 49 F.2d 146, 150 (10th Cir. 1931), the court stated:

Workmen are not employed to smoke, any more than chauffeurs are employed to drive their cars on sidewalks. Smoking is a pastime of the employee, but one which employers know is a common habit of workmen.

■ According to the briefs of both parties, Maryland paid workmen's compensation benefits to Turner for injuries received as a result of the accident. Under 85 O.S. 1971, § 11 workmen's compensation benefits are payable only for injuries "arising out of and in the course of his employment." Injury arises out of employment when it results from a risk reasonably incident to employment. See *Estate of Smith v. Hearon,* Okl., 424 P.2d 970; *Cordell Milling Co. v. State Indus. Comm'n,* 173 Okl. 195, 47 P.2d 168. Turner must have been injured incident to his employment, otherwise Maryland would not have paid workmen's compensation benefits.

We therefore hold that Turner was engaged in a business pursuit at the time of the accident.

## II.

The second Special Exclusion pertinent to this appeal reads as follows:

Section II of this Policy Does Not Apply: (f) under Insuring Agreement 1(a) of Coverage E, to property damage to property used by, rented to or in the care, custody or control of the Insured, or property as to which the Insured for any purpose is exercising physical control; . . . . .

Maryland's contention is that the property was not under Turner's control, therefore, Special Exclusion (f) would not be applicable.

■ The Oklahoma Supreme Court has construed the language of this special exclusion in *Mid-Continent Cas. Co. v. Peerless Boiler & Eng'r Co.,* 398 P.2d 79, wherein the court held:

Syllabus by the Court

2. A clause in a liability insurance policy excluding coverage with respect to damage to "property in the care, custody or control of the insured or property as to which the insured for any purpose is exercising physical control" is construed as referring to possessory handling of the property as distinguished from proprietory control.

Turner was in the possession, charge and control of the home for the purposes of doing his carpentry work and whatever else was incident to accomplishing that purpose. We hold that the policy did not cover the property damage to a home within the custody and control of Turner occurring while he was in the course of his employment as a carpenter.

The trial court was correct in granting Farmers' motion for summary judgment. As stated in *Wiley v. Travelers Insurance Co., supra,* at page 1295:

The interpretation of the policy, with its exclusion is a law question. It is not a fact issue. In the case at bar, the facts necessary to apply the decided law question are not in dispute so as to require the weighing of evidence.

Farmers is not liable for the damage done to the house in question because Turner was not covered under the policy. Inasmuch as summary judgment could have been granted based upon either of the two previously discussed Special Exclusions, it is unnecessary to determine if proper and timely notice was given to Farmers of the accident and lawsuit.

Accordingly, the summary judgment in favor of Farmers, appellee, against Maryland, appellant, is affirmed.

AFFIRMED.

REYNOLDS, P. J., and ROMANG, J., concur.