MAX W. COCHRAN, APPELLANT AND CROSS-APPELLEE, V. MFA MUTUAL INSURANCE COMPANY, APPELLEE AND CROSS-APPELLANT.

271 N. W. 2d 331

Filed November 8, 1978. No. 41681.

Carl I. Klekers, for appellant.

Thomas A. Otepka of Gross, Welch, Vinardi, Kauffman & Day, for appellee.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

CLINTON, J.

This is an action upon a homeowner's insurance policy to recover the value of certain tools allegedly stolen from the insured's locked motor vehicle. The policy contained the following exclusion: "c. Theft Exclusions applicable to property away from the described premises:

"This policy does not apply to loss away from the described premises of: . . .

"(2) property while unattended in or on any motor vehicle or trailer, other than a public conveyance, unless the loss is the result of forcible entry into such vehicle while all doors, windows or other openings thereof are closed and locked, provided there are visible marks of forcible entry upon the exterior of such vehicle or the loss is the result of the theft of such vehicle which is not recovered within 30 days, but property shall not be considered unattended when the Insured is required to surrender the keys of such vehicle to a bailee."

The evidence shows that there were no visible marks of forcible entry on the exterior of the vehicle. The car had been removed from the place where the owner testified he had parked it. The owner reported the vehicle stolen and it was recovered the same afternoon a few miles from the place where it had been parked. The owner testified that the car was locked when he left it and that all windows were closed. When found, tools were missing

from the car and a "jiggle" key was found in the ignition switch. The insured, a locksmith and hardwareman by occupation, testified as an expert witness that a jiggle key is a type of key by which entry may be gained into many cars by proper and knowledgeable manipulation of the key. He gave his opinion that entry to and removal of the car had been gained by use of the jiggle key.

The case was tried in the municipal court of the city of Omaha and judgment was rendered for the defendant insurer. On appeal to the District Court the judgment was affirmed.

The defendant pled and relied upon the exclusion earlier set forth. The District Court found that there had been a forcible entry by use of a jiggle key, that there were no "visible marks of forcible entry upon the exterior of the vehicle," and that the defendant was entitled to rely upon the exclusion.

The plaintiff on this appeal urges that forced entry by use of a jiggle key comes within the coverage of the policy and urges that we so construe it.

The plaintiff relies principally upon the case of C & J Fertilizer, Inc. v. Allied Mut. Ins. Co. (Iowa), 227 N. W. 2d 169, in which the Iowa court construed similar language in a policy covering losses through burglary. The court held, among other things, that under the particular facts of that case such a provision was unconscionable and would not be enforced where, although there were no marks of forced entry on the exterior of the building, there was other clear evidence of burglary on the interior door of the particular room from which the theft was made. Plaintiff also relies upon a line of cases which hold that such exclusions are ambiguous and establish a mere rule of evidence and that the exclusion will not be literally enforced if it is clear that the burglary is not an inside job. Ferguson v. Phoenix Assurance Co., 189 Kan. 459, 370 P. 2d 379; Rosenthal v. American Bonding Co., 124 N. Y. S. 905.

This court has had prior occasion to consider similar exclusions in policies insuring against burglary and we have upheld the exclusion. Only a few years ago, in Hazuka v. Maryland Cas. Co., 183 Neb. 336, 160 N. W. 2d 174, we said: "In a policy indemnifying insured for loss by burglary for 'the felonious abstraction of insured property within a vault or safe * * * by a person making felonious entry into such vault or safe * * *, when all doors thereof are duly closed and locked by all combination locks thereon, provided such entry shall be made by actual force and violence, of which force and violence there are visible marks made by tools, explosives, electricity or chemicals upon the exterior of (a) all of said doors of such vault or such safe and any vault containing the safe, if entry is made through such doors, * * *,' such visible marks requirement was intended to be and is a limitation on liability and not an attempt to determine the character of evidence to show liability.

"Such limited liability provision is not ambiguous and there is no room for the rule that insurance contracts will be construed most favorably to the insured."

We hold that a theft exclusion in a homeowner's policy applicable to property away from the described premises providing: ". . . property while unattended in or on any motor vehicle or trailer, other than a public conveyance, unless the loss is the result of forcible entry into such vehicle while all doors, windows or other openings thereof are closed and locked, provided there are visible marks of forcible entry upon the exterior of such vehicle" is unambiguous and the provision requiring visible marks of forced entry is not unconscionable. We thus adhere to our former opinion in Hazuka v. Maryland Cas. Co., *supra*.

The view we take makes it unnecessary to consider the issue raised on the cross-appeal.

AFFIRMED.