**AMERICAN HARDWARE MUTUAL INSURANCE COMPANY, Plaintiff and Respondent,**

v.

**TRI–STATE MUTUAL INSURANCE COMPANY, Defendant and Appellant.**

**No. 12491.**

Supreme Court of South Dakota.

Argued Jan. 25, 1979.

Decided March 14, 1979.

John F. Cogley, of Morgan, Fuller, Theeler & Cogley, Mitchell, for plaintiff and respondent.

Edwin E. Evans, of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for defendant and appellant; Carleton R. Hoy, of Davenport, Evans, Hurwitz & Smith, Sioux Falls, on the brief.

MILLER, Circuit Judge.

In this action the trial court ruled in favor of an implement dealer's general liability carrier and against said dealer's homeowner insurance policy carrier in the interpretation of an exclusionary clause in the homeowner policy. We reverse.

The case was submitted to the trial court by stipulation. The only testimony in the case was that included in the deposition of the insured dealer (Janssen), which deposition was made a part of the stipulation.

## FACTS PRESENTED

In the spring of 1970, Arnold M. Janssen, the sole proprietor of Janssen Implement of Emery, South Dakota, purchased a 1910 Case steam-driven tractor. The purchase price was $1,400, $1,100 of which was paid in cash, with the balance paid by a $300 check drawn on his business account. Janssen, who owns several pieces of old farm equipment and restores them as a hobby, restored said steam tractor with the assistance of a friend.

In July, 1971, Janssen was contacted by the parade chairman of the Corn Palace Stampede celebration in Mitchell, South Dakota, and asked to enter the steam tractor in the parade. He had previously entered it in a parade in Alexandria, South Dakota, some two weeks prior to the Mitchell event.

In preparation for the parades Janssen placed magnetic signs on the tractor which displayed the name of his implement business.

On July 17, 1971, the date of the Corn Palace Stampede, both Janssen and his son, Terry, were operating the tractor, since it required two persons to operate it. Shortly before the parade commenced the tractor exploded, resulting in personal injury and property damage to others. Janssen's son Terry, who was also injured, received worker's compensation benefits.

The respondent, who is Janssen's equipment dealer liability insurer, acknowledged that its policy provided coverage and proceeded to settle the claims arising out of the explosion. Despite timely demands by respondent, the appellant, which had issued a homeowner's policy to Janssen and his wife, refused to participate, claiming that an exclusionary provision in its policy excluded coverage for the injuries. Respondent commenced this suit seeking contribution from appellant for the payments it has made in the settlement of the claims made by others.

The exclusionary clause in appellant's policy, upon which it relies in this dispute, provides that coverage does not apply

to bodily injury or property damage arising out of business pursuits of any Insured except activities therein which are ordinarily incident to non-business pursuits.

The trial court concluded that the activities of Janssen in operating the steam tractor in the parade were "ordinarily incident to non-business pursuits" and as a result it held that the exclusionary clause was not applicable. The trial court entered judgment against appellant for its policy limits of $25,000 plus pre-judgment interest, for a total award of $32,376.66.

## QUESTION PRESENTED

Did the activity of the insured by entering his steam engine in the parade constitute an activity which was "ordinarily incident to non-business pursuits"?

## DECISION

Although several jurisdictions have been confronted with the interpretation of the "non-business pursuit" exclusionary clause in liability insurance policies, this court has not previously had an opportunity to address the issue.

It is settled law, here as elsewhere, that the language of an insurance contract must be construed according to its plain and ordinary meaning. *Grandpre v. Northwestern Nat. Life Ins. Co.*, S.D., 261 N.W.2d 804 (1977). This is true not only in actions between an insurer and its insured but also in litigation between two insurers. A reading of the cases from other jurisdictions would indicate that the exclusionary clause in appellant's policy is common in homeowner policies.

In deciding this case it is not sufficient to ascertain whether at the time of the incident the insured was, in fact, involved in a business activity. It must further be determined whether the specific activity involved was itself "ordinarily incident to non-business pursuits." *Martinelli v. Security Insurance Co. of New Haven*, Mo.App., 490 S.W.2d 427 (1972). However, as was stated in *Martinelli*:

> The activity, to be an exception to the exclusionary clause, must be one which is not associated with or related in any way to the insured's business pursuits. 490 S.W.2d at 432.

See also *North River Ins. Co. v. Poos*, Mo. App., 553 S.W.2d 500 (1977).

It then becomes necessary to examine the conduct of the insured as well as his intent at the time of the explosion. We are confined to an examination of his testimony as contained in his deposition. There is no dispute that he was about to drive the steam tractor in the parade. Even though Janssen had a hobby of purchasing and restoring old equipment, the record does not support the trial court's holding that he was engaged in anything other than a business activity at the time of the explosion. He had placed a magnetic advertising sign on the tractor. His testimony seems clear that it was a "promotional venture" for him. In his own words: ". . . that was mainly what we had in mind, to promote our name. That is why I went to Mitchell with it (the steam tractor) really." The record is clear that Janssen was not engaged in an activity which was "ordinarily incident to non-business pursuits." To the contrary, he was engaged in an activity—ADVERTISING AND PROMOTION—which was ordinarily incident to his implement business. See *Crane v. State Farm Fire and Casualty Company*, 5 Cal.3d 112, 95 Cal.Rptr. 513, 485 P.2d 1129 (1971); *Wiley v. Travelers Insurance Company*, Okl., 534 P.2d 1293 (1975); and *Maryland Cas. Co. v. Farmers Alliance Mut. Ins.*, Okl.Ct.App., 566 P.2d 168 (1977).

Therefore the exclusionary clause in appellant's policy was applicable, and the policy provided no coverage for the damages sustained as the result of the explosion.

The judgment of the trial court is reversed.

WOLLMAN, C. J., and DUNN and HENDERSON, JJ., concur.

FOSHEIM, J., dissents.

MILLER, Circuit Judge, sitting for MORGAN, J., disqualified.

FOSHEIM, Justice (dissenting).

I respectfully dissent from the majority opinion.

Language in an insurance policy is to be construed according to its plain and ordinary meaning. *Grandpre v. Northwestern Nat. Life Ins. Co.*, S.D., 261 N.W.2d 804 (1977). The terms of the policy should be construed according to what a reasonable person in the position of the insured would have understood the words to mean rather than what the insurer might have intended the language to mean. *Canadian Universal Ins. Co., Ltd. v. Fire Watch*, Minn., 258 N.W.2d 570 (1977); *Wyatt v. Woodmen Accident and Life Company*, 194 Neb. 614, 234 N.W.2d 217 (1975). In interpreting Tri-State's language under these rules, it becomes clear that the language provides coverage for certain activities of the insured even though those activities might be con-

nected with his business pursuits. The Tri-State homeowner's policy specifically excluded coverage for occurrences "arising out of business pursuits of any insured except activities therein which are ordinarily incident to non-business pursuits." Stated in the positive this means that the policy covered losses arising out of particular business activities that are, for a person engaged in the insured's business, ordinarily incident to non-business pursuits. Participation in a parade of the kind here involved is not ordinarily incident to the business of operating an implement dealership. It follows that the exception to the exclusion applies, with resulting coverage.

I would affirm.