GREAT PLAINS INSURANCE COMPANY, INC., A NEBRASKA CORPORATION, APPELLANT, V. DONALD J. KALHORN ET AL., APPELLEES.

280 N. W. 2d 642

Filed June 26, 1979. No. 42164.

Jeffrey A. Silver, for appellant.

Michael J. Lehan, for appellee Jensen. James R. Coe of Carpenter, Fitzgerald & Coe, P. C., for appellee Kalhorn. David L. Herzog, for appellees Owens.

Heard before BOSLAUGH, MCCOWN, CLINTON, and BRODKEY, JJ., and WINDRUM, District Judge.

BRODKEY, J.

Plaintiff-appellant, Great Plains Insurance Com-

pany, Inc., hereinafter referred to as Great Plains or plaintiff, has filed a declaratory judgment action against the defendants-appellees, Donald J. Kalhorn, Earl W. Owens, Linda Owens, and Glen G. Jensen, to obtain an interpretation and determination of the rights of the parties under a certain automobile liability insurance policy issued by Great Plains to the Owens' insuring a certain 1974 Chevrolet pickup truck for use in both pleasure and business. During the pendency of the action, Great Plains filed a motion for summary judgment which, after a hearing thereon, the court overruled, making findings of both facts and law relative to the issues in the case. The matter was thereafter assigned for trial to another judge, and was tried to the court pursuant to stipulated facts, which are not in dispute in this appeal.

It appears that on the date of the accident involved herein, August 9, 1976, the truck was being driven by defendant Kalhorn, with the permission of Owens, and was pulling a tandem trailer in a northerly direction on Interstate Highway No. 680 in Omaha, Nebraska, when a spare tire attached to the trailer worked loose and rolled down the interstate, colliding with an automobile being driven by defendant Jensen, and causing damage to the vehicle driven by Jensen. Jensen subsequently filed an action to recover damages, resulting from that accident, from Kalhorn and the Owens'. It was stipulated by all the parties that the truck and the trailer were being used for business purposes at the time of the accident. It is the contention of Great Plains that its policy does not provide coverage under the facts of this case, and it has appealed to this court from the judgment of the District Court for Douglas County finding that coverage did exist under the policy, and requiring Great Plains to defend and indemnify defendant Kalhorn in the lawsuit brought by defendant Jensen.

The resolution of this issue necessitates the examination of the policy in question, and particularly the definitions contained therein pertinent to the question presented to us. To begin with, the policy provides: "The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage, arising out of the ownership, maintenance or use of an owned automobile or a non-owned automobile, and the company shall defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; but the company may make such investigation and settlement of any claim or suit as it deems expedient. * * *." In the definition section of the policy, it is provided: " 'automobile' " means a four wheel land motor vehicle designed for use principally upon public roads, and, * * *, includes a utility trailer, while used therewith, * * *." The parties concede that the truck involved herein was "designed for use principally upon public roads." The term "owned automobile" is defined in the policy as meaning: "(a) a private passenger or utility automobile described in this policy, * * *." "Private passenger automobile" is defined as meaning: "a private passenger or station wagon type automobile; * * *." "Utility automobile" is defined as meaning: "an automobile of the truck type with a load capacity of fifteen hundred pounds or less not used for business or commercial purposes other than farming; * * *." The policy defines "utility trailer" to mean: "(1) a trailer designed for use with a private passenger automobile, if not being used for business or commercial purposes with other than a private passenger or utility automobile, * * *." Counsel for Great Plains concedes that the trailer in question was designed for use with a private passenger automobile,

but points out the additional requirements that in order to be considered a "utility trailer" the trailer may not be used for business or commercial purposes with other than a private passenger or utility automobile. He points out that the truck in question was not a private passenger automobile under the definition of that term in the policy, and also that the truck was not a "utility automobile" under the definition because it was used for business or commercial purposes other than farming. He therefore argues that there is no coverage provided under the policy for any damage that resulted from the accident in question, because both the truck and the trailer were being used for business purposes at the time of the accident, notwithstanding the policy itself covers both business and pleasure use.

Counsel for defendants argues, however, that the policy provisions are ambiguous, that the endorsement page of the policy shows that the insured vehicle was the 1974 pickup truck, and that in the policy the term "automobile" specifically includes a utility trailer when used therewith. He points out, however, that the definition of "utility automobile" excludes its use in business, and the definition for "utility trailer" excludes its use in business unless used with a private passenger or utility automobile. He argues that the clearer meaning is that the policy transforms a pickup truck used for business with a utility trailer to a utility automobile, and refers to the findings of Judge Murphy who, after hearing the motion for summary judgment, stated: "Plaintiff, having insured the specific Chevrolet for use in pleasure and business, cannot now successfully argue that, because it was used for business, it became uninsured. Having thus transformed a truck into a utility automobile, plaintiff is now powerless to undo what it did, or to eradicate the underlined portion of its own definition." The underlined portion referred to by Judge Murphy, as contained in his order, is in

the definition of "utility trailer" which he defines as "a trailer not being used for commercial or business purposes with other *than a private passenger or utility automobile.*"

In reply to the arguments advanced by counsel for the defendants, Great Plains points out there is no question that in the declaration page of their policy they insure the 1974 Chevrolet pickup truck for business and pleasure and that they do not seek by definitions to take away that coverage. They contend the only reason the definition of "utility automobile" is in the policy is to determine whether or not the trailer is or is not a "utility trailer." They concede that if it is a "utility trailer" then they owe the coverage, but if it is not a "utility trailer," then they do not owe the coverage. They contend that if the truck is used for business, then it is not a utility automobile, and that if you have a trailer being pulled by the truck that is being used in business, there is no coverage. They argue that the reason for the definitions in the policy is to differentiate between the vehicle that is insured, and something else the vehicle may be pulling.

In Hartford Acc. & Ind. Co. v. Olson Bros., Inc., 187 Neb. 179, 188 N. W. 2d 699 (1971), we stated: "We are not unmindful of the principles that ambiguities must be construed against the insurer and if a policy is fairly susceptible of two constructions and one affords coverage and the other does not then the construction which affords coverage must be adopted. There is no ambiguity in the policy. *Complexity is not the same as ambiguity.*" (Emphasis supplied.) In the instant case we conclude that while there is, undoubtedly, complexity involved in the policy provisions, there is no ambiguity. An insurance policy is a contract between the insurance company and the insured. As such, the insurance company has the right to limit its liability by including those limitations in the policy definitions. If those definitions

are clearly stated and unambiguous, the insurance company is entitled to have those terms enforced. We conclude that since, in this case, both the truck and the trailer were being used for business purposes at the time of the accident in question, the trailer, by definition, was not a "utility trailer" and, therefore, the policy issued by Great Plains afforded no coverage to the defendants. For the reasons stated above, the judgment of the District Court must be reversed and the cause remanded to the District Court with directions to enter judgment for plaintiff as prayed for in its amended petition.

REVERSED AND REMANDED WITH DIRECTIONS.