LOUIS RODRIGUEZ, JR., APPELLEE, V.
GOVERNMENT EMPLOYEES INSURANCE
COMPANY, APPELLANT.

313 N.W.2d 642

Filed December 18, 1981.  No. 43602.

Kenneth H. Elson for appellant.

Morgan & Morgan for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and HASTINGS, JJ.

HASTINGS, J.

Louis Rodriguez, Jr., commenced this action by filing a petition for a declaratory judgment seeking a determination that a 1972 Fiat automobile which he was driving on August 22, 1976, when he was involved in an accident, was an "owned automobile" within the coverage provisions of either of two policies of insurance previously issued to him by the defendant, Government Employees Insurance Company. The defendant responded with a cross-petition seeking a ruling to the contrary. The District Court found generally for the plaintiff and entered judgment against the defendant insurance company, the effect of which was to determine that the Fiat automobile was within the coverage of these policies. Government Employees has appealed and we reverse.

Rodriguez had purchased the Fiat a few days prior to the accident and he had made no attempt to notify his insurance company of this fact until after the accident had occurred.

At the time of his purchase of the Fiat, plaintiff owned three other automobiles. Of these three cars only a 1969 Chrysler and a 1968 Chrysler had been declared by him to his insurance company and were named on his policies. He admitted that a third automobile owned by him, a 1969 Chrysler New

Yorker, had never been insured under any policy issued by Government Employees. That latter automobile was operable and drivable and, according to plaintiff's own brief, was driven at most once a week, although it was never licensed in accordance with the laws of the State of Nebraska.

Each of the policies issued by defendant provided coverage for "owned automobiles." This term is defined by the policies to include: "(a) a private passenger . . . automobile described in this policy for which a specific premium charge indicates that coverage is afforded . . . (c) a private passenger . . . automobile ownership of which is acquired by the named insured during the policy period, provided . . . (2) the company insures all private passenger . . . automobiles owned by the named insured on the date of such acquisition and the named insured notifies the company within 30 days after the date of such acquisition of his election to make this and no other policy issued by the company applicable to such automobile, or (d) a temporary substitute automobile . . . ."

The sole issue with respect to the terms of the policy is whether defendant insured "all automobiles owned by the named insured" on the date that plaintiff purchased the 1972 Fiat. We find that defendant did not, and therefore conclude that the 1972 Fiat was not an insured "owned automobile" within the terms of the policies at the time of the accident.

This court has held on numerous occasions that "contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used, and if they are clear and unambiguous, their terms are to be taken and understood in plain, ordinary, and popular sense." *Sampson v. State Farm Mut. Ins. Co.*, 205 Neb. 164, 167, 286 N.W.2d 746, 749 (1980). See, also, *Dairyland Ins. Co. v. Esterling*, 205 Neb. 750, 290 N.W.2d 209 (1980); *Hammond v. Nebraska Nat. Gas Co.*, 209 Neb. 616, 309 N.W.2d 75 (1981).

It is equally well settled that "an insurance contract will be interpreted in accordance with the reasonable expectations of the insured at the time of the contract, and in case of doubt, the policy will be liberally construed in favor of the insured." *Dairyland* at 752-53, 290 N.W.2d at 211. "'The language should be considered not in accordance with what the insurer intended it to mean but what a reasonable person in the position of the insured would have understood it to mean.'" *Hammond* at 624-25, 309 N.W.2d at 81. See, also, *Wyatt v. Woodmen Acc. & Life Co.*, 194 Neb. 614, 234 N.W.2d 217 (1975).

Plaintiff would have the court apply these rules of construction to clause (c)(2) of the policies to reach a conclusion that "all automobiles owned by the named insured" does not include an unlicensed automobile owned by the insured. This we cannot do, for "[w]here the language is plain and unambiguous, the court will not read an ambiguity into the language in order to construe it against the one who prepared the contract." *Sampson* at 167, 286 N.W.2d at 749. Furthermore, "it is imperative that the contract made by the parties shall be respected and that a new contract is not interpolated by construction. Construction ought not to be employed to make a plain agreement ambiguous for the purpose of interpreting it in favor of the insured." *Wyatt* at 617-18, 234 N.W.2d at 220. The policies involved herein are plain and unambiguous and need no construction.

While this court has never been called upon to apply this particular "automatic coverage" clause in an automobile insurance policy, the matter has been adjudicated in several other jurisdictions. *Luke v. American Family Mutual Insurance Company*, 325 F. Supp. 1330 (D. S.D. 1971), *aff'd* 476 F.2d 1015 (8th Cir. 1972); *Manns v. Indiana Lum. Mut. Ins. Co. of Indianapolis*, 482 S.W.2d 557 (Tenn. App. 1971); *Lambert v. Alabama Farm Bureau Mut. Cas. Ins. Co.*, 281 Ala. 196, 200 So. 2d 656 (1967); *Trippel v. Dairy-*

*land Mut. Ins. Co.,* 2 Wash. App. 318, 467 P.2d 862 (1970); *Harshbarger v. Ins. Co.,* 40 Ohio App. 2d 296, 319 N.E.2d 209 (1974); *Palmer v. State Farm Mut. Auto. Ins. Co.,* 614 S.W.2d 788 (Tenn. 1981).

These cases have resulted in a general proposition that the language " " "all . . . automobiles owned by the named insured" . . . "does not contemplate a vehicle which is in such a position or condition that a reasonable person would not include it in a policy of public liability insurance." ' " *Luke* at 1018. See, also, 6B Appleman, Insurance Law and Practice § 4293 (1979). A slightly broader rule can be found in *Manns* at 562, wherein the court found: "An automobile which has been retired from use as a vehicle of transportation, even if it is in operable condition, is not an automobile within the meaning of the liability policy sued on in this case." Under neither rule, however, has a court gone so far as to exclude an operable automobile and one which is being driven, albeit unlicensed, from inclusion within the phrase "all automobiles owned."

*Manns* can be distinguished from the present case in several respects. The vehicles involved in that case included two automobiles, one of which had not been driven in 5 years and another that had not been operated in several months prior to the accident involving the insured. Furthermore, the owner stated that the vehicles were "worn out" and the insurer admitted that they had been made aware of the fact that the vehicles were inoperable and no longer in use at the time the policies were sold to the insured. These facts not only distinguish *Manns* from the present case, they also show that the rule of the case is much broader than the facts can support. Such a broad statement of the law is not attractive to this court and will not be adopted.

*Lambert* is more applicable to the present set of facts. Therein the court found the "all automobiles owned" language of the policy was unambiguous and required the inclusion of an unlicensed auto which was inop-

erable only because of a missing battery.

This court is similarly inclined to find that the language in the policies in question is unambiguous and should be given its plain, ordinary, and popular sense. Rodriguez has admitted that the 1969 Chrysler New Yorker was drivable and operable. The fact that it was unlicensed does not make it anything other than an unlicensed automobile. It remains an automobile by definition and clearly falls within the plain meaning of the phrase "all automobiles owned by the named insured."

"An insurance policy is a contract between the insurance company and the insured. As such, the insurance company has the right to limit its liability by including those limitations in the policy definitions. If those definitions are clearly stated and unambiguous, the insurance company is entitled to have those terms enforced." *Great Plains Ins. Co., Inc. v. Kalhorn*, 203 Neb. 799, 803-04, 280 N.W.2d 642, 645 (1979).

It is undisputed that the 1969 Chrysler New Yorker, as an "automobile owned by the insured," was not insured under a policy issued by the defendant at the time the 1972 Fiat was acquired by the plaintiff. Therefore, the Fiat does not meet the clear and unambiguous definition of an "owned automobile" and was not included within the automatic coverage provisions of either of the policies involved in this action at the time of the accident. The District Court should have entered judgment in favor of the defendant declaring that its policies of insurance did not afford coverage to the plaintiff for the accident in which the latter was involved while driving the Fiat automobile.

The judgment of the District Court is reversed and the cause is remanded with instructions to enter judgment consistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.

WHITE, J., participating on briefs.