ARLENE DENIS, APPELLEE, V. WOODMEN ACCIDENT AND LIFE COMPANY, A NEBRASKA CORPORATION, APPELLANT.

334 N.W.2d 463

Filed May 27, 1983. No. 82-788.

Keith A. Prettyman of Woodmen Accident and Life Company, for appellant.

Mark L. Laughlin of Venteicher, Laughlin, Kulig & Lang, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

SHANAHAN, J.

Arlene Denis sued Woodmen Accident and Life Company to recover benefits afforded in a "Major Medical" policy. The District Court granted summary judgment in favor of Arlene, namely, that Arlene's pregnancy and the subsequent childbirth were risks covered by Woodmen's policy, and from such judgment Woodmen appeals. We affirm the District Court's judgment.

The sole question relates to a construction of language in Woodmen's policy. Arlene was not married when Woodmen issued the policy on July 16, 1979. While the policy was in force, Arlene became pregnant but was still not married. Although Arlene married during her pregnancy, her husband was never an insured under the policy. On October 29, 1981, Arlene gave birth to a child through a Caesarean section. The policy excluded "any loss caused by pregnancy, childbirth . . ." unless there was a "complicated pregnancy." A Caesarean section was a "complicated pregnancy" within the terms of the policy. Woodmen's liability depends on the following: "Any pregnancy of the Insured's spouse, or of the Insured, if a woman, that originates while this policy is in force and while the Insured and the Insured's spouse are both insured here-

under, which becomes a Complicated Pregnancy shall be deemed to be an insured sickness and benefits therefor will be payable . . . ." Woodmen denied Arlene's claim, contending that Arlene's pregnancy without her being married was not a loss covered by the policy inasmuch as the foregoing clause required that the "Insured" and the "Insured's spouse" both be insured under the policy. Arlene claims the requirement that "Insured's spouse" be insured under the policy must be fulfilled only if the insured is married at the time the pregnancy occurs. The District Court agreed with Arlene's interpretation of the clause in question and entered judgment that Woodmen pay the applicable benefits under its policy.

The issue in this case is whether a "complicated pregnancy" of an unmarried female insured is excluded from coverage under the policy.

One can fairly interpret the clause in question in more than one way. When this condition admitting of two or more reasonable meanings does exist in an insurance policy, there is ambiguity to be resolved by a court as a matter of law. See *Columbia Heights Motors v. Allstate Ins. Co.*, 275 N.W.2d 32 (Minn. 1979).

It is a long-standing and cardinal rule in Nebraska that when an insurance policy contains uncertainties or ambiguities fairly susceptible of two different constructions, the construction favorable to the insured will prevail and thereby afford coverage. See, *New Masonic Temple Ass'n v. Globe Indemnity Co.*, 134 Neb. 731, 279 N.W. 475 (1938); *Great Plains Ins. Co., Inc. v. Kalhorn*, 203 Neb. 799, 280 N.W.2d 642 (1979).

In resolving any ambiguity in an insurance policy the principle or test is not what the insurer intended the words to mean, but what a reasonable person in the position of the insured would have understood them to mean. Cf., *Kent v. Dairyland Mut. Ins. Co.*, 177 Neb. 709, 131 N.W.2d 146 (1964); *Ehlers v. Colo-*

*nial Penn Ins. Co.*, 81 Wis. 2d 64, 259 N.W.2d 718 (1977).

Here, the construction suggested by Woodmen is plausible in view of the conjunctive language in the questioned clause, and it is understandable that Woodmen requires that the spouse of a married insured also be an insured under the policy. But the fact remains that Woodmen, at the time it issued the policy, knew that Arlene was not married. Likewise, Arlene's construction is nonetheless plausible, because there is no explicit specification that the insured be a married woman at the time the pregnancy occurs. The purpose of the insurance coverage under examination is payment of benefits in the event of a "complicated pregnancy." Only if the female insured is married must there be a spouse also insured before Woodmen is liable on its policy. Such a construction is reasonable in order to bring about the purpose of the policy. See *Chard v. New York Life Ins. Co.*, 145 Neb. 429, 16 N.W.2d 858 (1944).

Insurance companies in drafting their policies formulate language which may either prevent or create ambiguity. In such draftsmanship, precision provides certainty, while the absence of articulation accounts for ambiguity. As expressed in *Peony Park v. Security Ins. Co.*, 137 Neb. 504, 508, 289 N.W. 848, 851 (1940): "It is consistent with both reason and justice that any fair doubt as to the meaning of the words of a policy should be resolved against the one who prepares it, for if the terms of a policy are capable of two meanings, that is, where the true meaning is doubtful, the law favors such construction as will protect the insured, and not avoid the policy." See *Farm Bureau Ins. Co. v. Pedlow*, 3 Mich. App. 478, 142 N.W.2d 877 (1966). Consequently, if the marital status of the female insured is so vital to the risk covered by the policy, Woodmen can make changes in the policy by addition or deletion of

obvious and appropriate wording in order to incorporate its intended interpretation into the policy.

Consistent with the foregoing rules of construction, an ambiguous exclusionary clause in a contract of insurance will be construed in favor of the existence of coverage. 44 C.J.S. *Insurance* § 297 (1945); *Shelby Ins. Co. v. U.S. Fire Ins.*, 12 Mich. App. 145, 162 N.W.2d 676 (1968); *Fawcett House, Inc. v. Great Central Ins. Co.*, 280 Minn. 325, 159 N.W.2d 268 (1968).

The construction placed upon the insurance policy by the District Court is correct, and, therefore, the judgment of the District Court is affirmed. Pursuant to Neb. Rev. Stat. § 44-359 (Reissue 1978) an attorney fee in the amount of $500 is awarded to the appellee regarding proceedings in this court.

AFFIRMED.