CARL W. LUMBARD, DOING BUSINESS AS LUMBARD-LESCHINSKY, APPELLEE, v. THE WESTERN FIRE INSURANCE COMPANY, FORT SCOTT, KANSAS, A CORPORATION, APPELLANT.

381 N.W.2d 117

Filed February 7, 1986.   No. 84-801.

Kenneth H. Elson, for appellant.

Earl D. Ahlschwede of Ahlschwede, DeBacker & Truell, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

The plaintiff, Carl W. Lumbard, a merchant doing business as Lumbard-Leschinsky, seeks to recover the value of certain merchandise removed from his premises under a policy of burglary insurance issued by defendant, The Western Fire Insurance Company, Fort Scott, Kansas, a corporation. Western appeals from the summary judgment entered in favor of Lumbard on the grounds that the district court erred (1) in determining that the policy's definition of "burglary" violated public policy and thus was unconscionable and unenforceable and (2) in finding that the policy covered the loss. We reverse and remand for further proceedings.

The policy provided that Western would pay Lumbard "for all loss of or damage to merchandise, furniture, fixtures, and equipment within the premises occasioned by . . . burglary . . . ." The policy defined burglary as

> the felonious abstraction of insured property (1) from within the premises by a person making felonious entry therein by actual force and violence . . . or (3) from within the premises by a person making felonious exit therefrom

by actual force and violence as evidenced by visible marks made by tools, explosives, electricity or chemicals upon, or physical damage to, the interior of the premises at the place of such exit.

When Lumbard's store was closed at the end of the business day on January 16, 1981, the supply door was fastened shut by means of two bars which fit into hooks on the inside of the door in such a manner as to render the door incapable of being opened from the outside. When the store was opened for business the next day, it was found that numerous items, mostly stereophonic equipment, had been removed from the store. There were no signs of forcible entry into or exit from the store, but the bars which held the supply door shut had been removed from the hooks and laid on the floor beside the door.

Western denied coverage for the loss of the items removed from the store on the basis that the occurrence did not fall within the policy's definition of a burglary.

Western's first ground of appeal, that the trial court erred in concluding that the policy's definition of burglary is void and unenforceable as violative of public policy, is meritorious.

*Cochran v. MFA Mut. Ins. Co.,* 201 Neb. 631, 271 N.W.2d 331 (1978), involved an insurance policy which stated it did not apply to loss away from the described premises of

"property while unattended in or on any motor vehicle or trailer, other than a public conveyance, *unless the loss is the result of forcible entry* into such vehicle while all doors, windows or other openings thereof are closed and locked, *provided there are visible marks of forcible entry upon the exterior* of such vehicle or the loss is the result of the theft of such vehicle which is not recovered within 30 days, but property shall not be considered unattended when the Insured is required to surrender the keys of such vehicle to a bailee."

(Emphasis supplied.) *Id.* at 632, 271 N.W.2d at 332. Entry into the locked automobile from which the property was taken had been gained by the use of a "jiggle" key which was later found in the vehicle. As a result, there were no marks of forcible entry. In upholding the lower courts' denials of coverage, the *Cochran* opinion rejected the argument that it would be unconscionable

to enforce a policy provision requiring such marks where other evidence of a burglary is present. The court specifically stated that the "provision requiring visible marks of forced entry is not unconscionable." *Id.* at 634, 271 N.W.2d at 333. The *Cochran* opinion also rejected the argument that the requirement establishes a mere rule of evidence which will not be literally enforced if it is clear the burglary was not "an inside job." *Id.* at 633, 271 N.W.2d at 333. While the cases discussed hereinafter with respect to Western's second ground of appeal do not expressly state that clauses such as that involved in this case are not unconscionable, their holdings so imply.

We turn, then, to Western's second ground of appeal, the trial court's finding that the loss is covered by the policy.

The rule controlling the resolution of the issues presented by that ground is that an insurance policy is to be construed as any other contract; if its terms are clear, they are to be applied according to their plain and ordinary meaning. *Swanson v. First Fidelity Life Ins. Co.*, 214 Neb. 654, 335 N.W.2d 538 (1983); *Hemenway v. MFA Life Ins. Co.*, 211 Neb. 193, 318 N.W.2d 70 (1982); *Safeco Ins. Co. of America v. Husker Aviation, Inc.*, 211 Neb. 21, 317 N.W.2d 745 (1982).

As noted in *Great Plains Ins. Co., Inc. v. Kalhorn*, 203 Neb. 799, 803-04, 280 N.W.2d 642, 645 (1979):

> An insurance policy is a contract between the insurance company and the insured. As such, the insurance company has the right to limit its liability by including those limitations in the policy definitions. If those definitions are clearly stated and unambiguous, the insurance company is entitled to have those terms enforced.

Accord *Swedberg v. Battle Creek Mut. Ins. Co.*, 218 Neb. 447, 356 N.W.2d 456 (1984).

It is true that if an insurance policy is ambiguous, it will be construed in favor of the insured. However, an ambiguity exists only when the policy can be interpreted to have two or more reasonable meanings. *Denis v. Woodmen Acc. & Life Co.*, 214 Neb. 495, 334 N.W.2d 463 (1983). An ambiguity will not be read into policy language which is plain and unambiguous in order to construe it against the preparer of the contract. *Rodriguez v.*

*Government Employees Ins. Co.*, 210 Neb. 195, 313 N.W.2d 642 (1981).

A review of our prior decisions concerning similar policy language is helpful in determining whether the subject language is ambiguous.

*Cochran v. MFA Mut. Ins. Co.*, 201 Neb. 631, 271 N.W.2d 331 (1978), found the policy language cited previously to be unambiguous.

In *Hazuka v. Maryland Cas. Co.*, 183 Neb. 336, 160 N.W.2d 174 (1968), this court held the loss of money from a safe, on which only the inner door had been pried open, was not covered by the insurance policy. The exterior of the safe contained no marks indicating a forcible entry, and the combination lock was neither marked nor damaged. The applicable policy stated:

> " 'Safe Burglary' means (1) the felonious abstraction of insured property from within a vault or safe described in the declarations and located within the premises by a person making felonious entry into such vault or such safe and any vault containing the safe, when all doors thereof are duly closed and locked by all combination locks thereon, provided such entry shall be made by actual force and violence, of which force and violence there are visible marks made by tools, explosives, electricity or chemicals upon the exterior of (a) all of said doors of such vault or such safe and any vault containing the safe, if entry is made through such doors, or (b) the top, bottom or walls of such vault or such safe and any vault containing the safe through which entry is made, if not made through such doors, or (2) the felonious abstraction of such safe from within the premises."

*Id.* at 339, 160 N.W.2d at 177. The *Hazuka* court, in reaching its decision, held the provision was not ambiguous and noted that not every burglary constitutes a basis for liability; liability attaches only if the burglary meets the requirements of the policy.

The policy in *Grayson v. Maryland Casualty Co.*, 100 Neb. 354, 160 N.W. 85 (1916), excluded from coverage money lost

> "from a combination fire and burglar-proof safe, or from a burglar-proof safe, containing an inner steel

> burglar-proof chest, unless the same shall have been abstracted from the steel or so-called burglar-proof chest contained within the safe, after entry into said chest has been effected by the use of tools or explosives directly thereupon."

Money was stolen from the plaintiff's safe. While a small drill hole was on the dial at the time of trial, there was evidence that no such drill mark was on the dial shortly after the burglary. In any event, the expert witnesses were in apparent agreement that the drill mark could not have assisted in opening the combination lock. This court reversed the lower court and held the policy excluded coverage.

The policy in *Bruner Co. v. Fidelity & Casualty Co.*, 101 Neb. 825, 166 N.W. 242 (1917), insured against loss caused by " 'any person or persons who shall have made entry into the safe or safes by the use of tools or explosives thereupon.' " *Id.* at 826, 166 N.W. at 242. Coverage was found to exist because the inner steel doors of a safe had been exploded open.

The policy in question unequivocally requires visible marks on the interior of the premises at the place of exit. There is no other reasonable meaning which can be given the words used, and, therefore, no ambiguity exists which requires construction. The uncontroverted evidence is that no such marks existed. Obviously, then, the loss in question is excluded from coverage.

Summary judgment can only be granted when, among other things, the moving party is entitled to judgment as a matter of law. *Pierce v. City of Ogallala, ante* p. 433, 378 N.W.2d 140 (1985); *Jacobs v. Goetowski, ante* p. 281, 376 N.W.2d 773 (1985).

It follows from the foregoing analysis that Lumbard is not the party entitled to judgment as a matter of law. The judgment of the trial court is therefore reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.